IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNEY, BECKER LLP and<br>EUGENE S. BECKER,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　- against -<br><br>MARTIN S. KENNEY,<br><br>　　　　　　　　　Defendant. | Case No. 06 CV 2975<br>JUDGE RAKOFF<br><br>RECEIVED<br>APR 17 2006<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1446, Defendant Martin S. Kenney ("Defendant" or "Mr. Kenney") removes to this Court the state action entitled <u>Kenney, Becker LLP and Eugene S. Becker v. Martin S. Kenney</u>, Case No. 603614/05, filed with the Supreme Court of the State of New York, County of New York (the "State Court Action"). In support of removal, Defendant states as follows:

### FACTUAL BACKGROUND

1. As more fully set forth below, the State Court Action is subject to removal pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1446 because it involves a written arbitration agreement between a New York registered limited liability partnership and a citizen of both Canada and the Republic of Ireland, which is subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, to which the United States is a party.

2. The states of citizenship and residence and address of the individual parties are as follows: (i) Plaintiff Eugene S. Becker, present citizenship unknown, but

known to have been a citizen of South Africa; resident in Nassau County, New York, with a business address at One Penn Plaza, New York, New York 10119; (b) Defendant Martin S. Kenney, citizen of Canada and the Republic of Ireland; resident in Tortola, British Virgin Islands, with an office address at Third Floor, Flemming House, Road Town, Tortola, British Virgin Islands. Plaintiff Kenney Becker, LLP, a New York registered limited liability partnership, was formed on July 27, 2995, under the name Kenney Becker, Solicitors LLP, with a principal place of business at One Penn Plaza, New York, New York 10119. Counsel for both Plaintiffs were served with copies of this Notice of Removal by fax and hand delivery on April 17, 2006.

3.  Defendant and Plaintiff Eugene S. Becker ("Mr. Becker") entered into that certain Registered Limited Liability Partnership Agreement, dated June 15, 1995 (the "Initial Partnership Agreement"), which established the initial terms and conditions governing Plaintiff Kenney Becker, LLP, a New York registered limited liability partnership formerly known as Kenney Becker, Solicitors, LLP (the "Partnership," the Partnership and Mr. Becker are sometimes collectively referenced herein as the "Plaintiffs"). The Initial Partnership Agreement contained a broad and unequivocal arbitration clause. *See*, Initial Partnership Agreement, p. 16, ¶ 9.18, Exhibit "1" attached to Notice of Motion included as Exhibit "B" in Composite Exhibit No. 1 hereto; Supplementary Affirmation in Opposition to Order to Show Cause, dated January 25, 2006 (the "Supplementary Affirmation"), para. 8, included as Exhibit "F" in Composite Exhibit No. 1 hereto.

4.  The Initial Partnership Agreement was subsequently amended pursuant to (i) that certain First Amendment and Modification of Registered Limited Liability Partnership Agreement for Kenney, Becker, Solicitors LLP dated as of July 1, 1996, by and among both Plaintiffs and Defendant (the "First Amended Agreement"), (ii) an oral agreement made by Defendant and Mr. Becker at a meeting the offices of the Partnership's then accountants, M. R. Weiser & Co. LLP, in New York on the evening of February 24, 1997, and made effective as of February 19, 1997 (the "Oral Agreement"), and (iii) that certain Second Amendment and Modification of Registered Limited

Liability Partnership Agreement for Kenney, Becker, Solicitors LLP, now known as Kenney, Becker, LLP, executed on February 14, 2002 but dated as of January 1, 2001, also by and among Plaintiffs and Defendant (the "Second Amended Agreement"). A copy of a contemporaneous memorandum recording elements of the Oral Agreement was attached as Attachment "2" to, and expressly adopted in, the Second Amended Agreement. Copies of the First Amended Agreement and the Second Amended Agreement are attached as Exhibits "2" and "3," respectively, to Notice of Motion included as Exhibit "B" in Composite Exhibit No. 1 hereto.

5. The Initial Partnership Agreement, the First Amended Agreement, the Oral Agreement and the Second Amended Agreement are collectively referenced herein as the "Partnership Agreement". The Initial Partnership Agreement, the First Amended Agreement, the Oral Agreement and the Second Amended Agreement collectively comprise all of the terms and conditions governing, *inter alia*, the management of the Partnership and the method of resolving disputes arising out of or relating to the Initial Partnership Agreement, as amended.

6. Mr. Becker withdrew from the Partnership by notice of withdrawal dated February 17, 2005. *See*, Exhibit 3 to Plaintiff's Notice of Cross Motion, included as Exhibit "G" in Composite Exhibit No. 1 hereto. The Partnership commenced the State Court Action on October 12, 2005. The summons and verified complaint (collectively, the "Summons and Complaint") were served on Defendant at his office address in Tortola, British Virgin Islands, on or about December 6, 2005. By Notice of Motion dated January 6, 2006, Defendant applied for an order from the Supreme Court staying the State Court Action and compelling arbitration of the parties' respective claims in accordance with the terms and conditions of the Partnership Agreement ("Defendant's Motion"). Also on January 6, 2006, Defendant served upon Plaintiffs a Notice for Arbitration (the "Notice for Arbitration"), together with Defendant's Statement of Claim dated January 5, 2006 (the "Statement of Claim"), requesting arbitration of the dispute between the parties by the International Centre for Dispute Resolution (the "ICDR") of New York City, a division of the American Arbitration Association ("AAA"), and

requesting the selection of Miami, Florida as the place for the arbitration to be held (the "Arbitration"). Copies of the Summons and Complaint and the Notice of Cross-Motion are attached as Exhibits "A" and "G," respectively, to Composite Exhibit No. 1 hereto; copies of the Notice for Arbitration and the Statement of Claim are attached as Exhibit 6 to Notice of Motion included as Exhibit "B" in Composite Exhibit No. 1 hereto.

7. By Order to Show Cause dated January 18, 2006, the Partnership cross-moved for an order staying the Arbitration proceedings commenced by Defendant (the "Order to Show Cause"). On January 19, 2006, the Supreme Court, J. Moskowitz, issued a temporary restraining order staying the Arbitration pending a hearing and oral argument on both Defendant's Motion and the Order to Show Cause on February 6, 2006.

8. A combined hearing of Defendant's Motion and the Order to Show Cause was held before Justice Moskowitz on February 9, 2006 (the "February 9 Hearing"). Following said Hearing and oral argument, Justice Moskowitz issued orders (i) vacating said temporary restraining order, (ii) staying the State Court Action pending the Arbitration, (iii) directing the parties to proceed with the Arbitration, and (iv) denying the Partnership's cross-motion to stay the Arbitration (collectively, the "Orders"). In addition, the Orders also granted the motion of Mr. Becker for leave to intervene as an additional plaintiff. Defendant did not oppose such motion. A copy of the transcript of the February 9 Hearing is included as an exhibit to the Notice of Appeal included as Exhibit I in Composite Exhibit No. 1 hereto.

9. On February 24, 2006, Plaintiffs filed a Notice of Appeal with the Supreme Court (the "Notice of Appeal"), appealing those portions of the Orders which (i) stayed KBL's action pending the Arbitration, (ii) directed the parties to proceed with the Arbitration, and (iii) denied KBL's cross-motion to stay the Arbitration (the "Appeal").

10. On March 2, 2006, Plaintiffs filed a motion with the Appellate Division of the Supreme Court of the State of New York, First Department (the "Appellate Division") to stay the Arbitration pending resolution of the Appeal (the "Notice of

Motion"). On March 3, 2006, the Appellate Division granted an interim stay of the Arbitration pending the hearing of said motion.

11. On March 14, 2006, Defendant filed his Response to Plaintiffs' motion, and on March 24, 2006, Plaintiffs filed their Reply Affirmation to Defendant's Response. On March 30, 2006, the Appellate Division issued an order denying Plaintiffs' motion to stay the Arbitration pending resolution of the Appeal, and vacating the interim stay of the Arbitration granted on March 3, 2006 (the "Appellate Division's Order").

12. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice of Removal as Composite Exhibit 1 are copies of the Summons and Complaint (Exhibit "A"), Defendant's Motion (with exhibits) (Exhibit "B"), the Order to Show Cause (with exhibits) (Exhibit "C"), Defendant's Affirmation in Opposition to Order to Show Cause dated January 18, 2006 (with exhibits) (Exhibit "D"), the Order to Show Cause issued by Supreme Court for the State of New York on January 18, 2006 (Exhibit "E"), Defendant's Supplementary Affirmation in Opposition to Order to Show Cause dated January 25, 2006 (without exhibits) (Exhibit "F"), Plaintiff's Notice of Cross-Motion dated January 30, 2006 (with exhibits) (Exhibit "G"), the Orders dated February 9, 2006 (Exhibit "H"), Plaintiffs' Notice of Appeal dated February 24, 2006 (with exhibits) (Exhibit "I"), Plaintiffs' Notice of Motion dated March 3, 2006, (with exhibits) (Exhibit "J"), the Summary Statement on Application for Expedited Service and/or Interim Relief issued by the Appellate Division on March 3, 2006 (Exhibit "K"), Defendant's Brief in Opposition to Motion to Stay Arbitration and the Appellate Division's Order dated March 14, 2006 (with exhibits) (Exhibit "L"), Plaintiffs' Reply Affirmation dated March 24, 2006 (Exhibit "M"), and the order of the Appellate Division dated March 30, 2006 (Exhibit "N"). **These documents constitute the entire contents of the file in the State Court Action.**

BASIS OF REMOVAL

13. The State Court Action is subject to removal pursuant to 9 U.S.C. § 205 based upon federal question jurisdiction under 9 U.S.C. § 202 and 28 U.S.C. § 1331, because said Action falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").

14. 9 U.S.C. §§ 201 *et seq.*, Chapter 2 of the Federal Arbitration Act ("FAA"), which enforces the New York Convention, provides this Court with federal question jurisdiction over actions arising under the Convention. Sphere Drake Insurance Limited v. Clarendon National Insurance Company, 263 F.3d 26, 29 (2d Cir. 2001). Indeed, § 203 of the FAA specifically provides that:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy. 9 U.S.C. § 203.

15. In order to facilitate removal of state court actions involving the New York Convention, Chapter 2 of the FAA contains a specialized removal provision. Section 205 of the FAA provides:

> Where the subject matter of an action or proceeding pending in a State court **relates to an arbitration agreement or award falling under the Convention**, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. 9 U.S.C. § 205 (emphasis added).

16. Section 205 is to be "construed broadly in favor of removal." Bautista v. Star Cruises, 286 F. Supp. 2d 1352, 1367 (S.D. Fla. 2003); *see*, Banco de Santander Central Hispano, S.A. v. Consalvi International Inc., 2006 WL 846714, 5-10 (S.D.N.Y. 2006).

17. "[F]or removal to be proper [pursuant to Section 205], [Mr. Kenney] must

show (1) that the instant action relates to an arbitration 'falling under' the Convention on the Recognition and Enforcement of Foreign Arbitral Awards [the New York Convention] and (2) that removal was conducted 'before the trial' of that action." New Avex, Inc. v. Socata Aircraft, Inc., 2002 WL 1998193 (S.D.N.Y. Aug. 29, 2003).

18. This notice shows that this removal easily satisfies both elements.

19. *This action relates to an arbitration "falling under" the New York Convention.* Section 202 of the FAA requires that, in order to fall under the Convention, the arbitration agreement in question must arise out of a legal relationship that is commercial in nature and is not entirely between citizens of the United States (unless that relationship involves property located abroad, or has some other reasonable relation with one or more foreign states, in which case those disputes fall within the Convention as well). 9 U.S.C. § 202.[1]

20. Further, "[t]he Second Circuit has held that an arbitration agreement exists within the meaning of the [New York] Convention, and that removal to federal court of an action relating to that agreement is therefore proper, if '(1) there is a written agreement; (2) the writing provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope.'" Best Concrete Mix Corp. et al. v. Lloyd's of London Underwriters et al., 413 F.Supp.2d 182, 186-187 (2d Cir. 2006), citing U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 146 (2d Cir. 2001).

---

[1] Section 202 provides in pertinent part:

"An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or an award arising entirely out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, or has some other reasonable relation with one or more foreign states."

7

21.   Here, the documents filed in the State Court Action clearly establish that the State Court Action relates to a written arbitration agreement which falls under the New York Convention. The Initial Partnership Agreement between Mr. Kenney and Mr. Becker, as amended, and as adopted by the Partnership pursuant to the First Amended Agreement, contains a mandatory arbitration clause requiring the parties to arbitrate "[a]ny controversy or claim arising out of or relating to this agreement."[2] (*See,* Paragraph 9.18 of the Initial Partnership Agreement, Exhibit 1 to the Notice of Motion included as Exhibit "B" in Composite Exhibit No. 1 hereto).

22.   At the combined hearing of Defendant's Motion and Plaintiff's Order to Show Cause, Justice Moskowitz of the New York Supreme Court ruled that "the first amendment incorporates the article and the article has within it a valid arbitration clause." Transcript of February 9 Hearing, page 24, lines 22 – 25. Thus, the first criteria set forth by the Court in U.S. Titan, *supra.*, is satisfied.

23.   With respect to the second criteria set forth by the Court in U.S. Titan, *supra.*, the parties' arbitration agreement does not specify the location where arbitration is to be conducted; however, Defendant has requested that the Arbitration be held in Miami, Florida, which is within the United States, a signatory to the New York Convention. Plaintiffs have contested the selection of Miami as the location of the Arbitration and have insisted, in all of their documents filed in the State Court Action, that litigation of the issues between the parties be conducted in New York State. For example, Plaintiffs assert in their Reply Affirmation, "at no time did the parties intend that an arbitration provision for a domestic New York limited liability partnership, subject to New York law, refer disputes to a tribunal dedicated to international disputes and any location outside of New York." Para. 23, Reply Affirmation, Exhibit "M" included in Composite Exhibit No. 1 hereto. In light of the parties' expressed intent to

---

[2]   The arbitration agreement in provided in the Initial Partnership Agreement reads in full as follows:

> "9.18 Arbitration. Any controversy or claim arising out of or relating to this agreement shall only be settled by arbitration in accordance with the rules of the American Arbitration Association, one arbitrator, and shall be enforceable in any court having competent jurisdiction."

arbitrate or litigate (as applicable) their dispute within the United States, the second criteria set forth by the Court in U.S. Titan, *supra.*, is satisfied.

24. With respect to the third criteria set forth by the Court in U.S. Titan, *supra.*, the Initial Partnership Agreement shows that the Partnership was established as a "...foreign legal consultancy practice of foreign lawyers duly licensed in New York State to practice as such, pursuant to§ 53 of the Judiciary Law of the State of New York, as limited by part 521 of the Rules of the Court of Appeals and the Rules of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department." (*See*, para. 1.5, Initial Partnership Agreement, Exhibit 1 to the Notice of Motion included as Exhibit "B" in Composite Exhibit No. 1 hereto. Therefore, the Partnership Agreement is entirely commercial in nature, and the third criteria set forth by the Court in U.S. Titan, *supra.*, is satisfied.

25. With respect to the fourth criteria set forth by the Court in U.S. Titan, *supra.*, courts have held that an arbitration agreement is "entirely domestic in scope" "only if it 'aris[es] out of a [legal] relationship which is entirely between citizens of the United States,' 9 U.S.C. §202." Best Concrete Mix Corp., *supra.*, at 188.

26. The documents filed in the State Court Action reflect that (i) Mr. Kenney is a Canadian citizen who has lived and worked outside of the United States since approximately August 1, 1997 (See, para. 66, Brief, para. 19, Statement of Claim), and (ii) the Partnership "is a New York Registered Limited Liability Partnership formed in accordance with the provisions of Article 8-B of the New York Partnership Law." See, Complaint, para. 1. Thus, the fourth criteria set forth by the Court in U.S. Titan, *supra.*, is satisfied.

27. The Court should note that U.S. district courts have removal jurisdiction under 9 U.S.C. § 205 in any suit in which "an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case." Banco de Santander Central Hispano, S.A., *supra.*, at 5, citing Beiser v. Weyler, 284 F.3d 665, 669

(5th Cir. 2002) (emphasis in original). "Thus, the district court will have jurisdiction under § 205 **over just about any suit** in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to.'" Id. (emphasis added). Those requirements also are satisfied here.

28. District Courts have accepted jurisdiction pursuant to 9 U.S.C. § 205 in actions removed from state court to enforce an arbitration agreement (such as the instant case), to enforce or to vacate arbitral awards falling under Convention, and much more, including without limitation, actions attacking the constitution of the relevant arbitral tribunal. *See, e.g.*, In re York Hannover Holding A.G. v. American Arbitration Ass'n, 794 F. Supp. 118, 122 (S.D.N.Y. 1992) (section 205 applies to the removal of state court actions to enforce an arbitration agreement, to enforce or set aside an award, and to attack the constitution of the arbitral tribunal); In re Arbitration of Certain Controversies Between Celulosa del Pacficosa, S.A. v. A. Ahlstrom Corp., 1996 WL 103826 (S.D.N.Y. Mar. 11, 1996) (unpublished decision) (action had been removed from state court when petitioner had moved pursuant to New York Civil Practice Rules to vacate an arbitral award in favor of respondent).

29. In summary, the State Court Action arises out of a written arbitration agreement "falling under" the Convention, which is commercial in nature and is not entirely between citizens of the United States. Thus, it is subject to removal pursuant to 9 U.S.C. §§ 203, 205.

30. *This removal was conducted "before trial."* The Notice of Removal is timely filed pursuant to 9 U.S.C. § 205. Removal under section 205 predicated on federal question jurisdiction pursuant to the New York Convention may be had any time before trial. Dale Metals Corp. v. Kiwa Chemical Industry Co., Ltd., 442 F.Supp 78, 81 n. 1 (S.D.N.Y. 1977) (30-day time limit did not apply to action removed pursuant to

Convention on Recognition of Foreign Arbitral Awards, for which the applicable statutes allowed removal at *any time before trial*); *see*, Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F.Supp. 630, 642 (S.D.N.Y. Feb 10, 1995); New Avex Inc., *supra*.

31. Indeed, no proceedings addressing the merits of the parties' claims have taken place in the State Court Action. Defendant has not filed an answer to the Summons and Complaint, and issue has not been joined. The Summons and Complaint in said Action were served on Defendant on or about December 6, 2005. By Defendant's Motion dated January 6, 2006, Defendant applied for an order from the Supreme Court staying the State Court Action and compelling arbitration of the parties' respective claims in accordance with the terms and conditions of their Partnership Agreement. Defendant's Motion was granted by the Supreme Court on February 9, 2006, and the State Court Action was stayed as of that date. All subsequent proceedings in the State Court Action have concerned Plaintiffs' appeal from the Orders granting Defendant's Motion. Thus, this removal has been effected "before trial." 9 U.S.C. § 205.

32. In light of the foregoing, it is clear that this Court has federal question jurisdiction over this civil action pursuant to 9 U.S.C. §§ 202, 203, 205 and 28 U.S.C. § 1331.

## CONCLUSION

For the reasons set forth above, this Court has subject matter jurisdiction in this action pursuant to 9 U.S.C. § 205. The United States District Court for the Southern District of New York is the appropriate court for filing a Notice of Removal from the Supreme Court of the State of New York, New York County. Defendant accordingly removes the State Court Action to the United States District Court for the Southern District of New York.

Respectfully submitted,

_____
Joseph H. Lilly, III
JL6560
Law Office of Joseph H. Lilly, III
60 East 42nd Street, Suite 1338
New York, New York 10165
(212) 687-6523
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KENNEY, BECKER LLP and                    :
EUGENE S. BECKER,                         :
                                          :  Case No.
        Plaintiffs                :
                                          :
    - against -                         :
                                          :
MARTIN S. KENNEY,                         :
        Defendant.                :
------------------------------------------------------------x

## CERTIFICATION OF SERVICE

The undersigned, being an attorney licensed to practice in the State of New York, over the age of 18 and a resident of the State of New York, hereby certifies that he caused two (2) true and complete copies of the Notice of Removal herein to be served upon the below-named counsel for Plaintiffs Kenney, Becker LLP and Eugene S. Becker:

Stephen Latzman, Esq.
Law Office of Stephen Latzman
276 Fifth Avenue, Suite 306
New York, New York 10001

*via* fax and hand delivery 17th day of April, 2006.

Dated: April 17, 2006
      New York, New York

_____
Joseph H. Lilly, III
Law Office of Joseph H. Lilly, III
60 East 42nd Street, Suite 1338
New York, New York 10165
(212) 687-6523
Attorneys for Defendant