<u>Hand Delivery</u>

May 22, 2006

Hon. Jed S. Rakoff
United States District Court
United States Courthouse
500 Pearl Street
New York, NY  10007

Re: <u>Kenney Becker LLP v. Martin S. Kenney</u>
    Docket 06 Cv 2975 (JSR)

Dear Judge Rakoff:

      Defendant seeks to compel arbitration before the International Centre for Dispute Resolution ("ICDR") in Miami, Florida under its Notice of Arbitration dated January 6, 2006. Plaintiffs oppose defendant's application, and seek to stay arbitration because plaintiffs did not agree to arbitration before the ICDR, did not agree to arbitration in Miami, Florida, and matters which defendant submit to arbitration are beyond the scope of an arbitrator's powers. Defendant argues that the arbitrability of the issues raised in his Demand for Arbitration, as well as the locale of arbitration, are matters to be determined by the arbitrator not the court. At oral argument herein, the court requested counsels' comments on the applicability of the <u>Contec</u> [<u>Contec Corp. v. Remote Solution, Co., Ltd</u>., 398 F.3d 205 (2d Cir. 2005)], line of cases to the matter before the court.

      Under the Federal Arbitration Act, there is a general presumption that courts resolve issues of arbitrability. The scope of an arbitrator's authority is for the court to determine not an arbitrator, unless there is "clear and unmistakable evidence" to the contrary, <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944-45. In <u>Bell v. Cendant Corp</u>., 293 F.3d 563,566 (2d Cir. 2002), the court stated that "the issue of arbitrability may only be referred to the arbitrator if there is clear and unmistakable evidence from the arbitration agreement, as construed by the relevant state law, that the parties intended that the question of arbitrability shall be decided by the arbitrator"  (internal quotations omitted). When deciding whether the parties agreed to arbitrate certain matters (including arbitrability), courts generally should apply ordinary state-law principles that govern formation of contracts. <u>First Options of Chicago, Inc. v. Kaplan</u>. 514 U.S. 938, 944.

In Contec Corp. v. Remote Solution, Co., Ltd. 398 F.3d 205 (2d Cir. 2005), a non-signatory assignee sought to compel arbitration of its indemnification claim arising a contract which contained an arbitration clause. Before the court was question of whether Contec's ability, as a non-signatory, to enforce the arbitration clause is for the court or an arbitrator. The Contec arbitration clause provided in part, "In the event the parties are unable to arrive at a resolution, such controversy shall be determined by arbitration held in the City of Albany, New York in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "AAA") or any organization that is the successor thereto." The court determined that Rule 7(a) of the AAA Commercial Arbitration Rules, concerning jurisdiction provided, "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."

In Contec the court compelled arbitration before the American Arbitration Association, because the parties agreed to arbitrate in accordance with its rules. The agreement evidenced the parties' clear and unmistakable intent to have the AAA determine issues of arbitrability. Citing Shaw Group v. Triplefine International Corp., 322 F.3d 115 (2d Cir. 2003) and Paine Webber Inc. v. Bybyk, 81 F.3d 1193 (2d Cir.1996), the Contec court found, at page 208, "that when, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." See also, Alliance Bernstein Investment Research and Management, Inc. v. Schaffran, 445 F.3d 121,126 (2d Cir. 2006). Under New York law incorporation by reference of an arbitration provision must directly and unequivocally set forth the intention of the parties. See 23 Carmody-Wait 2d § 141:15, Getlan v. Josephthal & Co., Inc., 91 A.D. 2d 971, 457 N.Y.S. 2d 562 (2d Dept. 1983).

Contec does not control determination of the applications before the Court. Although the parties' arbitration provision provides for arbitration "in accordance with the rules of the American Arbitration Association," defendant demanded arbitration before the International Centre for Dispute Resolution. Plaintiffs did not agree to arbitration in accordance with the rules of the ICDR.

In Contec, the court held that the party attempting to avoid arbitration, a signatory to the agreement containing the arbitration provisions, "cannot now disown its agreed-to obligation." 398 F. 3d at 211. Unlike Contec where arbitration was sought before the tribunal named in the arbitration provision, plaintiffs herein did not agree to arbitrate under the rules of the ICDR. The ICDR is not mentioned in the parties' arbitration provision, nor did plaintiffs' agree to arbitration before the ICDR; there is not "clear and unmistakable evidence" to submit the issues of arbitrability and locale to an arbitrator appointed by that body

Hon. Jed S. Rakoff, USDJ                                                                 Page Three
Kenney Becker LLP v. Martin S. Kenney                                        May 22, 2006

and in accordance with its rules. Plaintiffs are not bound to submit matters of locale of arbitration and arbitrability of defendant's issues to the ICDR. See, <u>Masefield AG v. Colonial Oil Industries, Inc.</u>, 2005 WL 957344, page 2, n2 (SDNY, 2005, Leisure, J).

      The further absence of clear and unmistakable evidence to abide by the ICDR rules is shown by the fact that the ICDR was not established until after the date of the parties' Initial Agreement and First Amended Agreement. Nor did plaintiffs agree to AAA referral to the ICDR. The record is devoid of the AAA rules at the time of the Initial Agreement in 1995, the effective date of the First Amendment, and at the time of defendants' demand for arbitration. On these facts, clear and unmistakable evidence of plaintiffs' intent to submit the contested issues to an arbitrator is absent,

      <u>Contec</u> dealt with the jurisdiction of an arbitrator to determine matters of arbitrability. The current applications before the Court include a determination of the place of arbitration, an issue not before the <u>Contec</u> court.

      The issue of locale of arbitration is subject to the express provisions of 9 U.S.C. § 206, which provides that the court may only compel arbitration within its own district or as otherwise agreed. See, <u>Oil Basins Ltd. v. Broken Hill Proprietary Co. Ltd</u>. 613 F.Supp. 483 (SDNY1985). The <u>Contec</u> line of cases does not alter the essential analysis under <u>Oil Basins</u> and its progeny.

      Absent an agreement, the Court may direct arbitration only within its district. The parties' arbitration provision does not provide for arbitration locale. The arbitration agreement in <u>Matter of Arbitration Between United States Lines Inc. and Liverpool and London Steamship</u>, 833 F. Supp 350 (S.D.N.Y. 1993), provided for the Law Society of England appointing an arbitrator should the parties be unable to agree. In <u>Hughes, Hooker & Co. and Hughes, Hooker (Correspondents) S.A. v. American Steamship Owners Mutual Protection and Indemnity Association, Inc.</u> 2005 WL 13840555 (S.D.N.Y. 2005) the parties' agreement provided the "defending party" the option of selecting the location of arbitration. Each case found an express delegation of the locale determination, which satisfied the mandate of 9 U.S.C. § 206. No "clear and unmistakable" intention can be found in the parties' arbitration provision.

      The Partnership Agreement contains specific provisions evidencing the parties intentions concerning locale of arbitration. The presence of these clauses requires that the court and not the arbitrator determine questions of arbitrability and locale of arbitration, see: <u>Katz v. Feinberg</u>, 290 F. 3d 95 (2d Cir. 2002). The parties' arbitration provision provides that an award is "enforceable in any court having competent jurisdiction." A clear agreement exists between the parties,

Hon. Jed S. Rakoff, USDJ                                              Page Four
Kenney Becker LLP v. Martin S. Kenney                                 May 22, 2006

that arbitration may only be held in a locale that has jurisdiction over the parties. Defendant has demanded arbitration in Florida, a locale without jurisdiction over the parties. The Partnership Agreement choice of law provision specifies New York law. In light of the parties' choice of law provision and limitation where an award is enforceable "clear and unmistakable" evidence is lacking that the parties agreed that locale determinations be made by an arbitration tribunal without limitation.

The ICDR is an inappropriate forum for determination of the parties' disputes. The brief but tortured history of its handling of this matter shows ICDR's complete failure to follow its own policies, rules, and determinations. The initial paper generated by the ICDR herein, dated January 10, 2006, wrongfully stated that parties agreement contains a "clause providing for administration by this ICDR," and the "Arbitration Clause stipulates that the hearing be held in Miami FL." Almost four months later on May 1, 2006, the ICDR attributed its wrongful statement of hearing location to a "typographical error."

The ICDR "determination" ignores its enunciated policy for determination of locale of arbitration hearings. The ICDR has published on its website the factors considered in "locale determinations in international cases." The following issues are to be addressed by the ICDR in making a determination, according to the website: location of parties and attorneys, location of witnesses and documents, location of records, place of performance of contract, place of previous court actions, location of most appropriate panel, and applicable law. Clearly the ICDR has not "carefully" or at all addressed the issue in its haste to support its bias toward a Miami locale. Not one factor to be considered by the ICDR for locale determination supports the conclusion that Miami is proper in this proceeding. On the contrary each factor establishes the nexus and priority of an appropriate hearing of properly arbitrable matters in New York City.Provided to the court with this letter is my correspondence of May 10, 2006, to Thomas Ventrone, Vice President of the ICDR, setting forth the misfeasance of the ICDR and its failure to follow its own procedures.  Also provided are the documents referred to in the correspondence.

Defendant's application to compel arbitration should be dismissed on the grounds of forum *non conveniens*; leave to file a formal application is requested. District courts have the power to dismiss a petition to compel arbitration on the ground of forum *non conveniens*. Maria Victoria Naviera, S.A. v. Cementos del Valle, 759 F.2d 1027(2d Cir.1985), Jain v. de Mere, 51 F.3d 686, 691 (7th Cir. 1995), W.J. Nolan & Co., Inc. v. Midway Federal Credit Union, 913 F.Supp. 806, 811 (SDNY 1996); Oil Basins Ltd. v. Broken Hill Proprietary Co. Ltd., 613 F.Supp. 483, 489 (SDNY 1985). In deciding whether to dismiss a case, the court may look to the convenience of the parties, convenience of material witnesses,

Hon. Jed S. Rakoff, USDJ  Page Five
Kenney Becker LLP v. Martin S. Kenney  May 22, 2006

place where events occurred, access to sources of proof, and a parties' choice of forum. <u>Lovebright Diamond Co. v. Spragins</u>, 574 F. Supp. 76, 80 (SDNY.1983). An additional factor is the law governing the substantive issues. See <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 509 (1947). All the factors point to New York being the proper forum for litigation in this case. In accordance with the court's individual rules, leave to file a motion to dismiss the arbitration demand on the basis of forum *non conveniens* is requested.

For all of the foregoing reasons, as well as those set forth in plaintiffs' moving and reply Memoranda of Law, defendant motion to compel arbitration should be denied, and plaintiffs' cross motion to stay arbitration granted.

Respectfully,

Stephen Latzman (SL 6462)
Attorney for Plaintiffs

SL;jm
enclosures

cc: Joseph H. Lilly, III, Esq.
    Attorney for Defendant
    (By Fax & First Class Mail)