```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
KENNEY, BECKER LLP, and EUGENE S.    :
BECKER,                              :
                                     :   06 Civ. 2975 (JSR)
             Plaintiffs,             :
                                     :        ORDER
        -v-                          :
                                     :
MARTIN S. KENNEY,                    :
                                     :
             Defendant.              :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

For essentially the reasons stated from the bench, see transcript, May 15, 2006, the Court hereby denies plaintiffs' motion for reconsideration of their renewed motion to stay arbitration in this action, which was submitted via letter brief at the Court's request.

The parties' relationship is governed by a partnership agreement, and various amendments thereto, which contains an arbitration clause. That clause provides, in full, "Any controversy or claim arising out of or relating to this agreement shall only be settled by arbitration in accordance with the rules of the American Arbitration Association [the "AAA"], one arbitrator, and shall be enforceable in any court having competent jurisdiction." On January 6, 2006, defendant filed a Demand for Arbitration with the International Centre for Dispute Resolution (the "ICDR"), to be heard before a single arbitrator in Miami, Florida.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-5-06

The parties having agreed to arbitrate "in accordance with the rules of the American Arbitration Association" generally,[1] the ICDR being a division of the AAA, see Letter of Joseph H. Lilly, III, May 26, 2006, Exh. B ("International Activities at the American Arbitration Association"), and the rules governing arbitrations under the ICDR explicitly providing for the resolution of questions of arbitrability by the ICDR tribunal, see Article 15(1) of the International Arbitration Rules, the Court finds that the parties' partnership agreement provides "clear and unmistakable evidence of the parties' intent to delegate" to the arbitrator the question of whether the instant dispute is subject to the arbitration clause. See Contec Corp. v. Remote Solution Co., Ltd., 398 F.3d 205, 208 (2d Cir. 2005). Moreover, the agreement to abide by AAA rules also compels the Court to find that the parties agreed to permit the arbitrator to determine the location of arbitration, see Article 13(1) of the International Arbitration Rules, and, in turn, to find no obstacle to compelling arbitration, even though the arbitration may occur outside the Southern District of New York. See 9 U.S.C. § 206; Oil Basins, Ltd. v. Broken Hill Proprietary Co., Ltd., 613 F. Supp. 483, 486-88 (S.D.N.Y. 1985); United States Lines, Inc. v. Liverpool & London Steamship Protection & Idemnity Ass'n, 833 F. Supp. 350, 351-53 (S.D.N.Y. 1993); see also Contec Corp., 398 F.3d at 208 (agreement by parties to arbitrate under specified rules serves

---

[1] The AAA lists over forty different sets of arbitral rules, application of which depends on the type of dispute at issue. See Rules & Procedures, at http://www.adr.org/RulesProcedures.

2

as clear and unmistakable evidence of agreement by parties to abide by those rules).

Accordingly, the Court lifts the temporary stay of arbitration imposed on April 24, 2006 and denies plaintiffs' motion to stay arbitration in its entirety. There being nothing further for this Court to do pending the conclusion of arbitration, the Clerk of the Court is hereby directed to place this case on the suspense calendar. Further, the parties are hereby directed to keep the Court informed of the status of arbitration by submitting letters, jointly or severally, every six months, beginning December 1, 2006.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 2, 2006