UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
..................................................................................X

| | | |
|---|---|---|
| KENNEY, BECKER LLP and EUGENE S. BECKER, | : : : | 06 Civ. 2975 (JSR) |
| Plaintiffs, | : : | **DECLARATION OF JOSEPH H. LILLY, III, IN SUPPORT OF MOTION** |
| v. MARTIN S. KENNEY, | : : : | **FOR SANCTIONS AND** <u>**INJUNCTIVE RELIEF**</u> |
| Defendant | : : | |

..................................................................................X

JOSEPH H. LILLY, III, ESQ., hereby declares as follows:

1.    I am the member of the Law Office of Joseph H. Lilly, III, counsel to Martin S. Kenney, defendant in the above-captioned action (the "Action") and claimant in the arbitration of the disputes between the parties herein before the International Centre for Dispute Resolution, a division of the American Arbitration Association, Case No. 50 180 T 0019 06, Kenney v. Becker & Kenney Becker LLP (the "Arbitration"). I submit this declaration in support of a motion for an order imposing sanctions, including reasonable attorneys' fees and costs, and granting injunctive relief pursuant to Rules 45(c)(1) and 65 of the Federal Rules of Civil Procedure and the inherent powers of the Court. This declaration is based on my personal knowledge except where otherwise indicated.

2.    As demonstrated herein and in the accompanying memorandum of law, the North Fork Bank subpoena (attached as Exhibit A hereto) was issued by respondents in a pending arbitration with no power to issue such subpoenas under the governing Federal Arbitration Act and the controlling Second Circuit authority.

3.    The subpoena was also improperly issued and served <u>ex parte</u> in violation of Rule 45 of the Federal Rules of Civil Procedure.

3.      Furthermore, plaintiffs' conduct in connection with the issuance of the subpoena constitutes an abuse of the judicial process and is subject to sanctions under Rule 45 and the inherent powers of the Court.

4.      The underlying matter concerns the dissolution of the legal consultancy partnership Kenney, Becker LLP, comprised of defendant Mr. Kenney and plaintiff Mr. Becker. The partners' relationship was governed by a partnership agreement that contained an arbitration clause providing that "[a]ny controversy or claim arising out of or relating to this agreement shall only be settled by arbitration."

5.      Despite the arbitration clause, plaintiffs -- Mr. Becker and Kenney, Becker LLP -- instituted not one but two court actions against Mr. Kenney, unsuccessfully attempting to litigate their partnership-related claims arising out of the agreement rather than arbitrate as them as required by the agreement.

6.      The first action arising out of this matter, Case No. 06 Civ. 2975 (JSR) (the instant Action), was originally commenced by plaintiffs in the Supreme Court of the State of New York and subsequently removed by defendant to this Court. In this Action, plaintiffs sought a judgment requiring defendant to account for all legal services provided by defendant in order to determine whether plaintiffs were entitled to a portion of any compensation for those services and awarding monetary damages therefrom.

7.      By Order dated June 2, 2006 (the "2006 Order," attached as Exhibit B hereto), this Court placed this Action on the suspense calendar pending the conclusion of the Arbitration that had already been initiated by defendant, having found that plaintiffs' arguments presented "no obstacle to compelling arbitration."

8.    "Without missing a beat, plaintiffs then initiated [the second] action on June 30, 2006 in the Supreme Court of the State of New York, County of New York, seeking a declaratory judgment that defendant is obligated to identify for plaintiffs all persons and entities for whom he provided legal services while a partner at Kenney, Becker LLP. Defendant then removed this new action [Case No. 06 Civ. 7634 (JSR)] to this Court." Order dated July 13, 2007, granting defendant's motion to dismiss the second action for lack of jurisdiction (the "2007 Order," attached as Exhibit C hereto).

9.    Having granted defendant's motion to dismiss the second action, the Court then turned to defendant's motion for an injunction to prohibit plaintiffs from commencing any additional actions arising out of the partnership agreement. In its ruling on that motion, the Court made the following findings:  (a) "plaintiffs' legal theory on which they premised their complaint was deeply flawed" (2007 Order at p.6); (b) "plaintiffs' 'real' purpose in bringing this action, coming right on the heels of the setback in the earlier action, is highly suspect" (id.); and (c) although "the number of plaintiffs' lawsuits -- two -- is not so vexatious as to rise to the levels previously found by this Circuit to justify injunctive relief, . . . . [w]ere plaintiffs to commence another such action, however, the Court would be inclined [to] reconsider whether injunctive or other relief would be proper" (id. at pp. 6-7).

10.    Defendant commenced the Arbitration on January 6, 2006, by serving upon plaintiffs a notice of arbitration together with a statement of claim, requesting arbitration of the dispute between the parties by the International Centre for Dispute Resolution ("ICDR"), a division of the American Arbitration Association ("AAA").

11.    At a preliminary hearing before arbitrator Richard J. DeWitt held on October 24, 2006, the parties stipulated that "the Arbitral law shall be the Federal Arbitration Act" (Hearing

and Scheduling Order No. 1, dated October 29, 2006, attached as Exhibit D hereto), and the arbitrator subsequently ruled that the "International Arbitration Rules of the ICDR shall apply" to the Arbitration, denying plaintiffs' request for the application of the Commercial Arbitration Rules. Hearing and Scheduling Order No. 2, dated February 25, 2007, attached as Exhibit E hereto.

12.     With respect to discovery, the Hearing and Scheduling Order No. 1 stipulated that the parties shall exchange discovery requests, and provided for a discovery cut-off date of January 19, 2006, which was subsequently extended until the final cut-off date of May 23, 2007. Hearing and Scheduling Order No. 3, dated March 20, 2007, attached as Exhibit F hereto.

13.     On March 13, 2007, plaintiffs served their discovery requests for "all documents which claimant intends to offer into evidence or refer to at the evidentiary hearing" (attached as Exhibit G hereto).

14.     Also on March 13, 2007, plaintiffs served their preliminary witness list (attached as Exhibit H hereto). Neither the discovery requests nor the witness list contained any mention or reference to North Fork Bank's documents or witnesses.

15.     On October 24, 2007, a status hearing was held by the arbitrator during which the order of witnesses was established; again, plaintiffs did not give any indication that they intended to call any North Fork Bank witnesses. Hearing Order No. 7, dated November 16, 2007, attached as Exhibit I hereto.

16.     By Hearing Order No. 7, the arbitrator also allowed plaintiffs to submit, on or before November 8, 2007, a limited supplemental request "for specific information regarding certain entities allegedly affiliated with Claimant," and required Claimant to respond to such request "with all requested documents, to the extent that such documents are in Claimant's

possession on or before Tuesday, November 13, 2007." The Order further noted that the "scope of Claimant's response was limited in a subsequent Hearing on the issue."

17.    On November 8, 2007, plaintiffs submitted their 31 supplemental discovery requests, 14 of which called for documents related to Gymway Limited and Gymway Holdings Limited (together, the "Companies"). Plaintiffs' supplemental discovery request is attached as Exhibit J hereto.

18.    Mr. Kenney is the director in charge of Gymway Limited and Gymway Holdings Limited, a signatory of their North Fork Bank accounts, and the sole beneficial owner of the accounts' funds at issue.

19.    Plaintiffs' supplemental discovery requests called for, among other things, the Companies' "corporate resolutions," "certificates of incorporations, articles of organizations or other formation documents," "internal organization documents," documents showing "the holders of equitable and legal interests" in the Companies, "all minutes of meetings of the shareholders and directors," and "all invoices" issued by the Companies to Mr. Kenney and Martin Kenney & Co.

20.    The supplemental requests did not mention the Companies' North Fork Bank account records, although plaintiffs were well aware of those accounts because they had in their possession copies of wire transfers to the Companies' North Fork Bank accounts.

21.    Defendant specifically objected to plaintiffs' supplemental requests on the grounds of, inter alia, relevancy. Defendant's November 9, 2007 objection to plaintiffs' supplemental requests is attached as Exhibit K hereto.

22.    During a hearing on the issue of plaintiffs' supplemental requests held on November 13, 2007, the arbitrator limited the scope of defendant's responses to those requests

based on defendant's objections. With respect to the Companies documents, the arbitrator ruled that defendants should produce the Companies' formation documents and invoices to the extent such documents and invoices were in defendant's possession, but not the corporate resolutions and other corporate documents requested by plaintiffs.

23.     Unbeknownst to defendant and the arbitrator, by the time of the November 13, 2007 hearing, plaintiffs had already issued and, upon information and belief, served their third-party subpoena on North Fork Bank. Although plaintiffs had ample opportunity at the November 13, 2007 hearing to notify the arbitrator and defendant that they had issued said subpoena, and that they were seeking the testimony of the Bank at the Arbitration hearing, they failed to do so.

24.     On November 26, 2007 -- the first day of the evidentiary hearing -- plaintiffs' counsel for the first time disclosed to the arbitrator and defendant that he had issued and served the subpoena on North Fork Bank, and handed out copies of that subpoena.

25.     On its face, the subpoena appears to have been issued from this Court on November 8, 2007, by Stephen Latzman, attorney for plaintiff, made returnable on November 26, 2007.

26.     The subpoena was issued in Case No. 06 Civ. 2975 (JSR) -- i.e., this Action, which had been placed on the suspense calendar pursuant to the Court's 2006 Order.

27.     The subpoena requires North Fork Bank to produce "[a]ll documents" relating to bank accounts in the name of each of the Companies, "including account opening documents, corporate resolutions, corporate documents and correspondence." In the course of discovery in the Arbitration -- whether before the discovery cut-off date of May 23, 2007, or in their supplemental discovery authorized by the arbitrator in November 2007 -- plaintiffs never

requested the Companies' bank account documents or related correspondence that they now demand in the subpoena.

28.    With respect to the subpoena's request for the Companies' "corporate resolutions [and] other corporate documents," defendant had already objected to the discovery of those documents as irrelevant when plaintiffs requested their production in the Arbitration, and the arbitrator had already ruled on that objection by limiting plaintiffs' request to the Companies' formation documents and invoices only, to the extent such documents and invoices were in defendant's possession, excluding their corporate resolutions and other corporate documents.

29.    The subpoena also commands North Fork Bank to appear and testify at the evidentiary hearing, but neither designates any particular representative of the Bank whose testimony it seeks to secure, nor describes the matters on which the Bank's testimony is requested in order for the Bank to designate appropriate representatives to testify on its behalf.

30.    Defendant's counsel immediately objected to the issuance of an ex parte subpoena on a non-party to the arbitration. The arbitrator asked plaintiff's counsel whether he [*i.e.*, the arbitrator] had issued the subpoena. Plaintiff's counsel replied, "No. It's a subpoena that I issued under the rule -- under the Federal Rules." November 26, 2007 Hearing Transcript 64:12-13 (excerpts attached as Exhibit L hereto).

31.    The arbitrator stated "I generally require that any subpoenas be shared with the other party, and then I understand whether or not they object to it." Id. 64:16-17. He then directed plaintiffs' counsel to provide a copy of the subpoena and any supporting documents to defendant's counsel, advising defendant's counsel, "And you are welcome to do what you deem appropriate with that." Id. 65:3-4.

-7-

32.    At the commencement of the next day's hearing, on November 27, 2007, defendant's counsel informed plaintiffs' counsel and the arbitrator that plaintiff had retained special counsel to prepare and file motions to quash the subpoena and for sanctions. The arbitrator stated on the record, "He's [*i.e.*, plaintiff's counsel] issued a subpoena outside the arbitration. You've moved to quash it before the judge. We're going to let the judge deal with it. To the extent that the documents are produced, then it's a decision I have to make, and I'll address it at that time." November 27, 2007 Hearing Transcript 6:8-14 (excerpts attached as Exhibit M hereto).

33.    Plaintiff's counsel objected, stating, "The subpoena was not issued outside of the arbitration. It was issued from the court returnable at the arbitration. It's a testimony subpoena." Id. 6:23-24/7:1-2. Plaintiff's counsel also defended the subpoena by claiming that "a trial subpoena is not discovery." Id. 15:22-23. The arbitrator responded, "Judge Rakoff will make a decision on the appropriateness of the subpoena. I really do not want to address that issue anymore now. I want to hear testimony and go forward with the case." Id. 16:7-11. Accordingly, during the week of November 27, defendant's special counsel continued to work on preparing the motion to quash the subpoena and for sanctions.

34.    It was not until the December 3, 2007 conference call with the Court initiated by defendant's special counsel in contemplation of filing the motion to quash the subpoena and for sanctions that plaintiffs' counsel advised that he was withdrawing the subpoena.

35.    North Fork Bank did not produce documents by the subpoena's return date; however, upon information and belief, the Bank commenced its collection of responsive documents after having been served with the subpoena on November 9, 2007.

36.    On November 29, 2007, the parties stipulated, with the consent of the arbitrator, that the hearings were immediately adjourned, and the arbitrator was directed to attempt to resolve the parties' disputes by adjudicating the issues presented to him by motion for summary judgment by the claimant (defendant herein) and motion to dismiss by the respondents (plaintiffs herein), together with responsive pleadings to be filed in accordance with an agreed-upon schedule, as supplemented by (a) the testimony provided thus far in the hearings (b) depositions of the principals to be completed by January 23, 2008, and (c) a stipulation of facts which was dictated into the record by the parties.

37.    The parties further stipulated that in the event that the arbitrator was unable to resolve the parties' disputes based on the filed documents and the stipulated evidence, the arbitration hearing would re-commence on a subsequent date to be agreed upon.

38.    In addition, pursuant to the parties' stipulation, respondents (plaintiffs herein) have the right to file cross-motions for dismissal of claimant's (defendant herein) claims, or for summary judgment. The stipulation permits the parties to raise in their respective motions any issue which has been articulated in the pleadings, as well as the late introduction of new evidentiary exhibits within seventy-two (72) hours of either of the principals' depositions – which, from the first date of the hearing until the recent withdrawal of plaintiffs' improper subpoena, could well have included the North Fork Bank documents demanded thereunder.

39.    Furthermore, the arbitration hearing has not been terminated, as the stipulation expressly contemplates a resumption and completion of the hearing in the event that the parties' disputes are not finally disposed of by the arbitrator's rulings on the stipulated cross-motions.

*        *        *

40.    I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge.

Dated:  New York, New York
         December 10, 2007

                                             _____
                                             Joseph H. Lilly, III (JHL-6560)

Exhibit A

SAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN                    DISTRICT OF                    NEW YORK

KENNEY, BECKER LLP and EUGENE S. BECKER          **SUBPOENA IN A CIVIL CASE**
                    V.

MARTIN S. KENNEY                                  Case Number:[1]  06 Civ. 2975 (JSR)

TO:
    NORTH FORK BANK
    90 West Broadway
    New York, NY 10013

☑  YOU ARE COMMANDED to appear in the ~~United States District court~~ at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| International Centre for Dispute Resolution<br>1633 Broadway<br>New York, NY 10019<br>(Kenney v. Becker, ICDR Case No. 50 180 T 00019 06) | 10th Floor |
| | DATE AND TIME |
| | 11/26/2007 10:00 am |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

As stated on annexed Schedule

| PLACE    As set forth above | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  for Plaintiff-Responders | 11/8/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen Latzman, Esq., Attorney for Plaintiffs-Respondents
276 Fifth Avenue, Suite 306, New York, NY 10001 (212) 532-3368

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE TO SUBPOENA

All documents Relating to Account No 961 401 1386 in the name of Gymway Limited, including account opening documents, corporate resolutions, corporate documents and correspondence

All documents Relating to Account No 961 401 4453 in the name of Gymway Holdings Ltd., including account opening documents, corporate resolutions, corporate documents and correspondence

PLEASE CONTACT STEPHEN LATZMAN, ESQ., PRIOR TO APPEARING

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit B

P.02/04

JUN-02-2006  18:08    JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
KENNEY, BECKER LLP, and EUGENE S.      :
BECKER,                                :
                                       :     06 Civ. 2975 (JSR)
              Plaintiffs,              :
                                       :          ORDER
              -v-                      :
                                       :
MARTIN S. KENNEY,                      :
                                       :
              Defendant.               :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

        For essentially the reasons stated from the bench, see
transcript, May 15, 2006, the Court hereby denies plaintiffs' motion
for reconsideration of their renewed motion to stay arbitration in
this action, which was submitted via letter brief at the Court's
request.

        The parties' relationship is governed by a partnership
agreement, and various amendments thereto, which contains an
arbitration clause.  That clause provides, in full, "Any controversy
or claim arising out of or relating to this agreement shall only be
settled by arbitration in accordance with the rules of the American
Arbitration Association [the "AAA"], one arbitrator, and shall be
enforceable in any court having competent jurisdiction."  On January
6, 2006, defendant filed a Demand for Arbitration with the
International Centre for Dispute Resolution (the "ICDR"), to be heard
before a single arbitrator in Miami, Florida.

1

The parties having agreed to arbitrate "in accordance with the rules of the American Arbitration Association" generally,[1] the ICDR being a division of the AAA, see Letter of Joseph H. Lilly, III, May 26, 2006, Exh. B ("International Activities at the American Arbitration Association"), and the rules governing arbitrations under the ICDR explicitly providing for the resolution of questions of arbitrability by the ICDR tribunal, see Article 15(1) of the International Arbitration Rules, the Court finds that the parties' partnership agreement provides "clear and unmistakable evidence of the parties' intent to delegate" to the arbitrator the question of whether the instant dispute is subject to the arbitration clause. See Contec Corp. v. Remote Solution Co., Ltd., 398 F.3d 205, 208 (2d Cir. 2005). Moreover, the agreement to abide by AAA rules also compels the Court to find that the parties agreed to permit the arbitrator to determine the location of arbitration, see Article 13(1) of the International Arbitration Rules, and, in turn, to find no obstacle to compelling arbitration, even though the arbitration may occur outside the Southern District of New York. See 9 U.S.C. § 206; Oil Basins, Ltd. v. Broken Hill Proprietary Co., Ltd., 613 F. Supp. 483, 486-88 (S.D.N.Y. 1985); United States Lines, Inc. v. Liverpool & London Steamship Protection & Idemnity Ass'n, 833 F. Supp. 350, 351-53 (S.D.N.Y. 1993); see also Contec Corp., 398 F.3d at 208 (agreement by parties to arbitrate under specified rules serves

---

[1]The AAA lists over forty different sets of arbitral rules, application of which depends on the type of dispute at issue. See Rules & Procedures, at http://www.adr.org/RulesProcedures.

as clear and unmistakable evidence of agreement by parties to abide by those rules).

Accordingly, the Court lifts the temporary stay of arbitration imposed on April 24, 2006 and denies plaintiffs' motion to stay arbitration in its entirety. There being nothing further for this Court to do pending the conclusion of arbitration, the Clerk of the Court is hereby directed to place this case on the suspense calendar. Further, the parties are hereby directed to keep the Court informed of the status of arbitration by submitting letters, jointly or severally, every six months, beginning December 1, 2006.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        June 2, 2006

3

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
KENNEY, BECKER LLP and EUGENE BECKER, :
                                      :
            Plaintiffs,               :           06 Civ. 7634 (JSR)
                                      :
            -v-                       :           OPINION AND ORDER
                                      :
MARTIN S. KENNEY,                     :
                                      :
            Defendant.                :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

        In cross motions, plaintiffs moved to remand this action to
state court and defendant moved to dismiss the action, compel
arbitration of the disputes raised in plaintiffs' complaint, and
enjoin plaintiffs from commencing further actions in federal or state
court without prior leave from this Court.  By Order dated November
3, 2006, the Court granted defendant's motion to dismiss and denied
all other motions.  This Memorandum Order briefly states the reasons
for those rulings and directs the entry of final judgment.

        By way of background, this is the second case before this
Court concerning the break-up of the "legal consultancy" partnership
Kenney, Becker LLP. Plaintiff Eugene Becker and defendant Martin
Kenney formed the firm in 1995, and Becker and Kenney were its sole
partners from inception in 1995 to dissolution in February 2005.  The
parties' relationship was governed by a partnership agreement
(including various amendments thereto), which contained an
arbitration clause that provided that "[a]ny controversy or claim
arising out of or relating to this agreement shall only be settled by

arbitration . . . and shall be enforceable in any court having competent jurisdiction." Notice of Removal Ex. 1 at 16.

The prior action, 06 Civ. 2975, which plaintiffs commenced in state court and which defendant removed to this Court, sought, inter alia, a declaratory judgment requiring defendant to provide plaintiffs with an accounting of all legal services provided by him subsequent to July 1996. By Order dated June 2, 2006, the Court placed the prior action on the suspense calendar pending the conclusion of an arbitration that had already been initiated to address such matters. Without missing a beat, plaintiffs then initiated this action on June 30, 2006 in the Supreme Court of the State of New York, County of New York, seeking a declaratory judgment that defendant is obligated to identify for plaintiffs all persons and entities for whom he provided legal services while a partner at Kenney, Becker LLP. Defendant then removed this new action to this Court.

Whereas the prior action sought an accounting to determine whether plaintiffs were entitled to a portion of any compensation for legal services provided by Kenney, the instant action seeks information concerning individuals and entities whom Kenney represented, purportedly on the ground that, without such information, plaintiffs are at risk of violating New York State's Lawyer's Code of Professional Responsibility. The Code of Professional Responsibility applies to legal consultants as well as lawyers, see N.Y. R. A. Ct. § 521.4, and prohibits legal consultants

2

from representing persons whose interests are materially adverse to
the interests of a former client in the same or substantially related
matter without the former client's consent. See Complaint ¶ 13.
Plaintiffs claim that since the Code of Professional Responsibility
imputes the personal conflict of interest of the lawyer to his firm,
they need the identity of all of defendant's clients (along with the
nature and terms of any retainer agreements and the nature and
substance of any legal services provided or intended to be provided
through the date of the dissolution of the partnership), allegedly so
as to avoid violating the conflict of interest provisions.

       In their motion to remand, plaintiffs argue that the
Convention on the Recognition and Enforcement of Foreign Arbitral
Awards, codified at 9 U.S.C. § 201 et. seq (the "Convention"), the
sole basis for removal, does not provide federal jurisdiction over
this case because the dispute involves the parties' professional
responsibilities to one another and therefore is not "commercial" in
nature.  This argument misreads the Convention.  A defendant may
remove an action to federal court where the subject matter of the
action "relates to an arbitration agreement or award falling under
the Convention."  9 U.S.C. § 205.  Whether an agreement "falls under"
the Convention depends on the commercial nature of the parties'
relationship -- not the specific dispute:

       An arbitration agreement or arbitral award arising out
       of a legal relationship, whether contractual or not,
       which is considered as commercial. . . falls under the
       Convention.

3

9 U.S.C. § 202. Plaintiff has not persuaded the Court that Kenney and Becker, as a partners in a legal consultancy business, had a relationship that was anything other than commercial. Although the Code of Professional Responsibility imputes professional obligations on the parties, it does so *because of* their commercial relationship as partners. The Kenney, Becker LLP partnership agreement arises out of this commercial relationship and therefore falls under the Convention pursuant to 9 U.S.C. § 202.

In their argument to the contrary, plaintiffs rely on <u>Matter of the Arbitration Between R3 Aerospace, Inc. and Marshall of Cambridge Aerospace Ltd.</u>, 927 F. Supp. 121 (S.D.N.Y. 1996), which appears to look to the commerciality of the dispute, rather than the relationship, in determining whether the Convention applies. <u>Id.</u> at 123. Unlike the instant dispute, however, the question underlying <u>R3 Aerospace</u> -- whether counsel to one of the parties was conflicted out of the arbitration because of an alleged conflict of interest -- was one incapable of resolution by arbitration. <u>See id.</u> at 124 ("We only note that the Convention does not apply to non-arbitrable disputes, such as a state court proceeding to disqualify counsel from an arbitration proceeding, and we therefore hold that the removal statute of the Convention, 9 U.S.C. § 205, may not serve as the basis for this court's jurisdiction.").[1] Here, plaintiffs justify their

---

[1] By its own terms, the Convention applies to agreements "under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship. . . concerning a subject matter capable of settlement by arbitration." 9 U.S.C. § 201, Art. II.

4

demand for information by reference to their own obligations under the Code of Professional Responsibility. Distinct from R3 Aerospace, plaintiffs do not actually seek enforcement of the Code in this action.  Indeed, were plaintiffs alleging a violation of the Code of Professional Responsibility, this matter would not only be non-arbitrable, it would also be incapable of resolution by the Supreme Court of New York, where plaintiffs seek to remand this action. See, e.g., Henry v. New York State Com'n of Investigation, 535 N.Y.S.2d 859, 867 (N.Y.Sup. 1988) ("[A] declaratory judgment cannot be granted because any charges of professional misconduct must first be referred to the appropriate Appellate Division and/or Grievance Committee.") Thus, because plaintiff's demand for information does not constitute a non-arbitrable dispute, it falls outside the holding of R3 Aerospace.  Plaintiffs' motion for remand is hereby denied.

That said, the instant action does suffer from a jurisdictional flaw, to wit, the absence of a case or controversy. Plaintiffs concede that defendant has yet to refuse to provide them with any specific information concerning a prospective business endeavor;  indeed, there are currently no particular prospective business endeavors for which plaintiffs require information. See transcript 10/30/06 at 6.  Thus, plaintiffs cannot point to an actual or imminent injury in fact, an "indispensable part" of plaintiffs' case.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Rather, plaintiffs anticipate that Mr. Becker may be approached by potential clients and be "at jeopardy" of not knowing whether he has a conflict.  Transcript 10/30/06 at 7.  Without a more specific and

pressing need for information, however, plaintiffs do not present the Court with a question that it can adjudicate. See 28 U.S.C. § 2201 ("In a case of *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . .")(emphasis added).

Consequently, defendant's motion to dismiss must be granted, and defendant's alternative motion to compel arbitration must be denied as moot.

Turning, finally, to defendant's remaining motion for an injunction to prohibit plaintiffs, without prior leave of the Court, from commencing any additional actions arising out of the Kenney, Becker LLP partnership agreement, the Court concludes that, even though it has jurisdiction to issue such an injunction pursuant to its supervisory powers, such action is not warranted at this time. It is true that plaintiffs' legal theory on which they premised their complaint was deeply flawed; and it is also true that plaintiffs' "real" purpose in bringing this action, coming right on the heels of the setback in the earlier action, is highly suspect. Nevertheless the Court cannot say that plaintiff's theory was so frivolous as not to be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). Further, the number of plaintiffs' lawsuits -- two -- is not so vexatious as to rise to the levels previously found by this Circuit to justify injunctive relief in such circumstances. See, e.g. Safir v. U.S.

6

Lines, Inc., 792 F.2d 19, 23-24 (2d Cir. 1986) (11 lawsuits); Iwachiw
v. New York State Dept. of Motor Vehicles, 396 F.3d 525 (2d Cir.
2005)(over 15 lawsuits). At this stage, the Court has no reason to
believe that plaintiffs' counsel would persist in filing yet another
lawsuit arising out of the same partnership disputes. See Safir v.
U.S. Lines, Inc., 792 F.2d at 24 ("Ultimately, the question the court
must answer is whether a litigant who has a history of vexatious
litigation is likely to continue to abuse the judicial process and
harass other parties."). Were plaintiffs to commence another such
action, however, the Court would be inclined reconsider whether
injunctive or other relief would be proper.

     For the reasons set forth above, defendant's motion to
dismiss is hereby granted, all other motions are hereby denied, and
the Clerk of the Court is directed to enter judgment dismissing the
case for lack of jurisdiction.

     SO ORDERED.

                            JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 13, 2007

7

Exhibit D

## INTERNATIONAL CENTER FOR DISPUTE RESOLUTION
### Commercial Arbitration

In the Matter of the Arbitration between

Re: 50 180 T 00019 06
    Martin S. Kenney (CLAIMANT)
    and
    Eugene S. Becker and Kenney, Becker LLP (RESPONDENTS)

### **Preliminary Hearing and Scheduling Order #1**

Pursuant to the Arbitration Rules of the American Arbitration Association's (the "Association") International Center For Dispute Resolution (the "ICDR") (the "Association Rules") a preliminary hearing was held by telephone on October 24, 2006 at 3:00 P.M. before Arbitrator Richard J. DeWitt. Appearing at the hearing was: Dan Wise, Esq. and Joseph H. Lilly, Esq., on behalf of the Claimant; Stephen Latzman, Esq. on behalf of Respondents and Andrea Bugbee on behalf of the Association. By agreement of the Parties and Order of the Arbitrator, the following is now in effect.

1. **Arbitration Agreement:** This Arbitration is being held pursuant to the Arbitration Agreement set forth in that certain Registered Limited Liability Partnership Agreement of Kenney, Becker, Solicitors, LLP dated June 15, 1995 as amended by the First Amendment and Modification agreement dated as of July 1, 1996 by and among Martin S. Kenney, Eugene S. Becker and Kenney, Becker, Solicitors, LLP that incorporated the Association Rules and is the authority for this Arbitration (the "Arbitration Agreement").

2. **Demand for Arbitration and Appointment of Arbitrator:**
   a)    The Claimant filed a Demand for Arbitration on January 6, 2006.
   b)    The Arbitrator was appointed on September 12, 2006 in accordance with the Association Rules.

3. **Arbitrability and Jurisdiction:**
   a)    The Arbitrator finds that the Claims are arbitrable;
   b)    The Arbitrator finds that he has jurisdiction to determine the Claims.

4. **Applicable Law and Rules:**

   The following shall apply:

   a)      The Parties stipulate that the substantive law of New York shall apply;

   b)      The Parties stipulate that the Arbitral law shall be the Federal Arbitration
           Act;

   c)      Miami, Florida shall be the Seat of the Arbitration. Hearings shall be held
           at the Association's Offices in Miami and/or New York (or at an
           alternative location) as necessary in order to reduce the cost and
           inconvenience to the Parties and witnesses. The Parties are directed to
           work together to establish a hearing schedule at locations that meet these
           parameters; and

   d)      Respondent filed a motion requesting that the Associations Commercial
           Arbitration Rules rather that its International Arbitration Rules shall apply
           in this Arbitration. The Parties shall file briefs, as set forth below,
           regarding the issue of the appropriate Rules that shall apply. The
           Arbitrator may hold a Motion Hearing on this and other motions should he
           determine it necessary or at the request of either Party.

5. **Statement of Claims and Defenses:** Claimants may file a detailed statement of its
   Claims and damages by **November 10, 2006.** Respondent may file an amended
   response or additional defenses or counterclaims by **December 1, 2006.**

6. **Dates & Times of Hearings:**

   a)      **A Status Hearing** will be held on **April 3, 2007** at **10 AM** by
           teleconference for the purpose of reviewing the hearing schedule,
           witnesses to be called, any objections to exhibits, other pending issues and
           opportunities to efficiently and expeditiously conduct the evidentiary
           hearing. It is estimated that this will require one (1) hour of hearing time.
           The Association will establish the teleconference.

b)      The **Evidentiary Hearing** in this matter will be held during the weeks of **April 9 – 13, 2007** and **April 23 – 27, 2007** before the Arbitrator. It is estimated six (6) days of hearing time, inclusive of argument will be required.

On or before **February 2, 2007** the Parties shall file a joint stipulation setting forth the Hearing schedule and locations as set forth in paragraph 4 (b) above.

Requests for postponement are strongly discouraged and will only be considered for good cause shown.

7.  **Exchange of Information:** With regard to discovery requests, each party shall provide the other party with its discovery requests no later than **December 29, 2006** Each Party shall provide the other Party with the requested discovery by **January 19, 2006**. In the event of a discovery dispute, the Parties shall make a good faith effort to resolve said dispute. The Arbitrator will decide any discovery disputes not resolved by the Parties.

Each Party shall be responsible for updating its disclosures as information becomes available. The duty to update this information continues up to and including the date that hearing(s) in this matter terminate.

8.  **Witnesses:** Each Party shall simultaneously file with the other Party and the Association, no later than **December 29, 2006**, a preliminary list of all witnesses it intends to call. The disclosure of witness shall include the full name of each witness, a short summary of anticipated testimony, copies of any expert's reports, and a written C.V. of any expert. If certain required information is not available, a statement to this effect should appear on the witness lists.

Each Party shall simultaneously file with the other Party and the Association, no later
than **February 2, 2007**, a final list of all witnesses it intends to call. The disclosure of
witness shall include the full name of each witness, a short summary of anticipated
testimony, copies of any expert's reports, and a written C.V. of any expert. If certain
required information is not available, a statement to this effect should appear on the
witness lists.

Each party shall be responsible for updating its disclosures as information becomes
available. The duty to update this information continues up to and including the date
that hearing(s) in this matter terminate.

The Parties shall arrange to schedule the attendance of witnesses in such a manner as to
expedite the conduct of the hearing and avoid delay. The party presenting evidence
shall give notice to the other party the day before of the names of the witnesses who
will be called to testify the next day and the order in which the witnesses will be called.
Witnesses, including Claimant's may appear, testify and participate by telephone.

9. **Exhibits:** No later than **March 23, 2007**, the Parties shall exchange copies of (or,
   where appropriate, make available for inspection) all exhibits to be offered and all
   schedules, summaries, diagrams and charts to be used at the hearing. Each proposed
   exhibit shall be pre-marked for identification with consecutive Arabic numerals and
   placed in a three-ring binder notebook. Each such exhibit notebook shall have a table of
   contents. The Parties shall provide three (3) identical copies of each exhibit notebook
   to be used, by the Arbitrator, opposing counsel and witnesses.

   The Parties shall attempt to agree upon and have present at the hearing a mutually
   agreed to consolidated set of joint exhibits. Any objections to exhibits shall be
   furnished to the Arbitrator prior to the Hearing and in no event later than the Status
   Hearing. Exhibits not objected to shall be deemed admitted at the commencement of
   the Hearing.

10. **Pre-Hearing Briefs:**

    a)    **Motion Briefs** - On or before **December 1, 2006,** Respondent shall serve and file a brief on the issue of whether the Association's Commercial Arbitration Rules or International Arbitration Rules shall apply to this Arbitration; and on the issue of whether the Arbitrator should determine the issue of legal fees and costs; setting forth briefly its position and the supporting arguments and authorities.

        On or before **December 15, 2006,** Claimant shall serve and file a response brief on these issues; setting forth briefly its position and the supporting arguments and authorities.

    b)    **Evidentiary Hearing Briefs** - On or before **March 23, 2007** each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

11. **Briefs and Memorandums:** Pre-hearing briefs and other submissions shall have attached copies of cases cited by the submitting party with the relevant sections relied on by the party highlighted.

12. **Stipulation of Issues and Facts:**

The Parties shall file a stipulation of:

    a)    uncontested facts;

    b)    contested facts;

    c)    a chronological timeline of significant events in the matter

    d)    legal issues to be determined by the Arbitrator;

    e)    and other issues to be determined by the Arbitrator

with the Association no later than **March 23, 2007.** Said stipulation shall also be submitted electronically in Word format.

13. **Enforcement of Deadlines:**  All deadlines stated herein will be strictly enforced.

14. **Submissions to the Arbitrator:** Unless the Parties enter into an Agreement to participate in the Association's - Accelerated Exchange Program and either party has not terminated such agreement, any and all documents to be filed with or submitted to the Arbitrator outside the hearing shall be given to the Associations Case Manager for transmittal to the Arbitrator. Copies of said documents shall also be sent simultaneously to the opposing party. The Arbitrator hereby consents to the use of the Accelerated Exchange Program by the Parties. The Arbitrator prefers, but does not require, that submissions be made electronically in Word or Adobe Acrobat (pdf) format.

    **There shall be no direct oral communications between the Parties and the Arbitrators, except at oral hearings.**

15. **Duty to Disclose:** Each party has an obligation to disclose and shall have a continuing obligation to immediately disclose to the Association's Case Manager potential conflicts that the Arbitrator may have that it has knowledge of and that, to that Party's knowledge, have not been previously disclosed.

16. **Attorney's Fees and Expenses:** The Claimant has requested that the Arbitrator hear the issue of and determine prevailing party and reasonable legal fees and expenses and make an award of such legal fees and expenses. Respondent requested additional time to consider the issue and advise The Arbitrator shall make an award of the administrative fees and expenses of the Association and the compensation of the Arbitrator.

17. **Form of Award:** At the request of both Parties, the Arbitrator shall provide a Reasoned Award.

18. **Pleading and Document Filing Log:** The Claimant shall prepare an initial chronological log of pleadings and documents filed with the Arbitrator in this matter setting forth the Date, Party submitting and a brief description of the pleading or document. Each Party filing a subsequent pleading or document shall update the log and include the updated log with its filing.

19. **Additional Matters:** Any other preliminary matters which may arise and are not addressed in this Order shall be submitted to the Association for consideration by the Arbitrator no later than seven (7) calendar days before the commencement of the Hearing.

20. **Stenographic Record:** Any Party may arrange, at its expense, to have a stenographer present at any hearings conducted in this Arbitration, pursuant to the Association Rules. The Arbitrator shall be provided with an electronic time stamped copy of all transcriptions made of hearings.

21. **Effect of Preliminary Order:** This Order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

This Order is made in Miami- Dade County, Florida.

Dated: October 29, 2006

Richard J. DeWitt

Arbitrator

Exhibit E

INTERNATIONAL CENTER FOR DISPUTE RESOLUTION
Commercial Arbitration

In the Matter of the Arbitration between

Re: 50 180 T 00019 06
    Martin S. Kenney (CLAIMANT)
    and
    Eugene S. Becker and Kenney, Becker LLP (RESPONDENTS)

## **Hearing and Scheduling Order #2**

1. On December 1, 2006, Respondents filed a statement of Defense, a Motion to Dismiss based on a Plea to Jurisdiction and an Objection to Venue.

2. On December 21, 2006, Claimant filed a Motion for Summary Judgment.

3. The Parties filed memorandum of law concerning the pending motions.

4. On February 22, 2007 at 2:00 P.M., a Hearing was held by telephone before Arbitrator Richard J. DeWitt. Appearing at the Hearing was Dan Wise, Esq. and Joseph H. Lilly, Esq., on behalf of the Claimant; Stephen Latzman, Esq. on behalf of Respondents and Andrea Bugbee on behalf of the ICDR. Counsel were given the opportunity to provide oral argument on the pending motions and scheduling matters.

5. By agreement of the Parties or order of the Arbitrator, the following is adopted and/ or ordered.

6. Respondents' Motion to Dismiss, based on the challenge to the Jurisdiction of the ICDR and to the scope of the subject matter of the arbitration, is hereby denied.

7.  Respondents' Objection to the Venue of the Arbitration being in Miami, FL is being considered a Motion to Reconsider the Seat of the Arbitration and the location of Hearings as ordered in Hearing and Scheduling Order #1. Said Motion is hereby granted. New York, NY shall be the Seat of the Arbitration and the location of the Evidentiary Hearings.

8.  Claimant's Motion for Summary Judgment is hereby denied.

9.  Hearing and Scheduling Order #1 is hereby further modified as follows:

10. Applicable Law and Rules:
    The following shall apply:
    
    a)          International Arbitration Rules of the ICDR shall apply; and
    
    b)          New York, NY shall be the Seat of the Arbitration.

11. Dates & Times of Hearings:

    a)          A Status Hearing will be held on **April 16, 2007** at 10 AM by teleconference for reviewing the hearing schedule, witnesses to be called, any objections to exhibits, other pending issues and opportunities to efficiently and expeditiously conduct the evidentiary hearing. It is estimated that this will require one (1) hour of hearing time. The Association will establish the teleconference.
    
    b)          The Evidentiary Hearing in this matter will commence before the Arbitrator on **April 23 – 26, 2007** at 9:30 AM in New York, NY at the offices of the ICDR, 1633 Broadway, 10th Floor, New York, NY (tel. 212-484-4115). An estimated four (4) days of hearing time, inclusive of argument, will be required.

12. Exchange of Information:

    a)    With regard to discovery requests, each party shall provide the other party with its discovery requests no later than **March 9, 2007.**

    b)    Each Party shall provide the other Party with the requested discovery by **March 23, 2007.**

In the event of a discovery dispute, the Parties shall make a good faith effort to resolve said dispute. The Arbitrator will decide any discovery disputes not resolved by the Parties.

13. Witnesses:  Each Party shall simultaneously file with the other Party and the Association, no later than **March 9, 2007**, a preliminary list of all witnesses it intends to call. The disclosure of witness shall include the full name of each witness, a short summary of anticipated testimony, copies of any expert's reports, and a written C.V. of any expert. If certain required information is not available, a statement to this effect should appear on the witness lists.

14. Exhibits:  No later than **April 6, 2007**, the Parties shall exchange copies of (or, where appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the hearing.  Each proposed exhibit shall be pre-marked for identification with consecutive Arabic numerals and placed in a three-ring binder notebook. Each such exhibit notebook shall have a table of contents. The Parties shall provide three (3) identical copies of each exhibit notebook to be used, by the Arbitrator, opposing counsel and witnesses.

15. Briefs and Memorandums :

    a)    Evidentiary Hearing Briefs - On or before **April 6, 2007** each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

    b)    Briefs and Memorandums: Pre-hearing briefs and other submissions shall have attached copies of cases cited by the submitting party with the relevant sections relied on by the party highlighted.

16. Stipulation of Issues and Facts:

The Parties shall file a stipulation of:

    a)       uncontested facts;

    b)       contested facts;

    c)       a chronological timeline of significant events in the matter

    d)       legal issues to be determined by the Arbitrator;

    e)       and other issues to be determined by the Arbitrator

with the Association no later than **April 6, 2007**. Said stipulation shall also be submitted electronically in Word format.

17. Effect of Preliminary Order: Other than as modified herein, prior Hearing and Scheduling Orders continue in effect unless and until amended by subsequent order of the Arbitrator.

This Order is made in Miami- Dade County, Florida.

Dated: February 25, 2007

Richard J. DeWitt

Arbitrator

Exhibit F

## INTERNATIONAL CENTER FOR DISPUTE RESOLUTION
### Commercial Arbitration

In the Matter of the Arbitration between

Re: 50 180 T 00019 06
    Martin S. Kenney (CLAIMANT)
    and
    Eugene S. Becker and Kenney, Becker LLP (RESPONDENTS)

### Hearing and Scheduling Order #3

1. On February 23, 2007, Claimant filed a Motion for Continuance due to a conflict with Claimant's travel schedule. The Arbitrator denied Claimant's Motion based on the Claimant's failure to show good cause for the Continuance.

2. On February 26, 2007, Claimant filed a Motion to reconsider its request for a Continuance and provided additional information regarding the reason a continuance was necessary. The Arbitrator finds that Claimant has shown good cause for a Continuance and the Motion for a Continuance is hereby GRANTED.

3. On March 20, 2007 at 3:30 P.M., a Status Hearing was held by telephone before Arbitrator Richard J. DeWitt. Appearing at the Hearing was Dan Wise, Esq. and Joseph H. Lilly, Esq., on behalf of the Claimant; Stephen Latzman, Esq. on behalf of Respondents and Andrea Bugbee on behalf of the ICDR.

4. By agreement of the Parties or order of the Arbitrator, the following is adopted and/or ordered.

5. Hearing and Scheduling Order #2 is hereby modified as follows:

6.  Dates & Times of Hearings:

    a)      A Status Hearing will be held on **July 10, 2007 at 2 PM** by teleconference for reviewing the hearing schedule, witnesses to be called, any objections to exhibits, other pending issues and opportunities to efficiently and expeditiously conduct the evidentiary hearing. It is estimated that this will require one (1) hour of hearing time. The Association will establish the teleconference.

    b)      The Evidentiary Hearing in this matter will commence before the Arbitrator on **July 17 - 20, 2007** at 9:30 AM in New York, NY at the offices of the ICDR, 1633 Broadway, 10th Floor, New York, NY (tel. 212-484-4115). An estimated four (4) days of hearing time, inclusive of argument, will be required. The parties and their counsel shall also hold **July 16, 2007** open on their calendars as the commandment date for the Evidentiary Hearing in the event Mr. Latzman's hearing on that date is rescheduled and he is available.

7.  Exchange of Information:

    a)      With regard to discovery requests, each party shall provide the other party with its discovery requests no later than **March 9, 2007.**

    b)      Each party shall provide the other party with the requested discovery by **May 23, 2007.**

In the event of a discovery dispute, the parties shall make a good faith effort to resolve said dispute. The Arbitrator will decide any discovery disputes not resolved by the parties.

8.  Exhibits: No later than **June 25, 2007**, the parties shall exchange copies of (or, where appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the hearing. Each proposed exhibit shall be pre-marked for identification with consecutive Arabic numerals and placed in a three-ring binder notebook. Each such exhibit notebook shall have a table of contents.

The parties shall provide three (3) identical copies of each exhibit notebook to be used, by the Arbitrator, opposing counsel and witnesses.

9.  Briefs and Memorandums :

    a)      Evidentiary Hearing Briefs - On or before **June 25, 2007** each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

    b)      Briefs and Memorandums: Pre-hearing briefs and other submissions shall have attached copies of cases cited by the submitting party with the relevant sections relied on by the party highlighted.

10. Stipulation of Issues and Facts:

    The Parties shall file a stipulation of:

    a)      uncontested facts;

    b)      contested facts;

    c)      a chronological timeline of significant events in the matter

    d)      legal issues to be determined by the Arbitrator;

    e)      and other issues to be determined by the Arbitrator

    with the Association no later than **June 25, 2007**. Said stipulation shall also be submitted electronically in Word format.

11. Effect of Preliminary Order: Other than as modified herein, prior Hearing and Scheduling Orders continue in effect unless and until amended by subsequent order of the Arbitrator.

This Order is made in Miami- Dade County, Florida.

Dated: March 20, 2007

Richard J. DeWitt

Arbitrator

Exhibit G

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
--------------------------------------------------------------------x

In the Matter Of Arbitration Proceedings Between:

MARTIN S. KENNEY,                                    Case No. 50 180 T 00019 06

                                    Claimant

            -against-

EUGENE S. BECKER and KENNEY, BECKER LLP

                                    Respondents.

--------------------------------------------------------------------x

## RESPONDENTS' DISCOVERY REQUESTS

PLEASE TAKE NOTICE that the respondents hereby demand that claimant

produce at the offices of Stephen Latzman, Esq., 276 Fifth Avenue, Suite 306, New

York, NY 10001, on or before March 23, 2007, all documents which claimant intends to

offer into evidence or refer to at the evidentiary hearing to be held herein. The term

"Document" is defined to be synonymous in meaning and equal in scope to the usage of

the term in Federal Rule of Civil Procedure 34(a).

Dated: New York, NY
       March 13, 2007

                                        _____
                                        STEPHEN LATZMAN, ESQ.
                                        Attorney for Respondents
                                        276 Fifth Avenue, Suite 306
                                        New York, New York 10001
                                        (212) 532 3368

To:  Joseph H. Lilly, Esq.
     Attorney for Claimant
     60 East 42nd Street
     New York, NY 10165

Exhibit H

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
------------------------------------------------------------------------------x

In the Matter Of Arbitration Proceedings Between:          Case No. 50 180 T 00019 06

MARTIN S. KENNEY,
                                                 Claimant

          -against-

EUGENE S. BECKER and KENNEY, BECKER LLP

                                                 Respondents.

------------------------------------------------------------------------------x

### RESPONDENTS' PRELIMINARY WITNESS LIST

PLEASE TAKE NOTICE that respondents intend to call the following witnesses at the evidentiary hearing to be held herein. Respondents' reserve the right to call other or additional witnesses and to supplement the anticipated testimony.

1. **Bernard Medoff**. An accountant, will testify to the parties' relationship prior to and subsequent to the February 1997 meeting between claimant and respondent Becker; the circumstances surrounding the February 1997 meeting; the substance of the February 1997 meeting; the memorandum and correspondence prepared by the witness subsequent to the February 1997 meeting; the treatment of the capital accounts of the parties; and to other matters material and relevant to this proceeding.

2. **Joel Agler**. An accountant, will testify to the parties' relationship prior to and subsequent to the February 1997 meeting between claimant; the treatment of the capital accounts of the parties; that claimant requested the preparation of necessary returns for some years prior to Mr. Becker's withdrawal from the partnership in order to bring Kenney current with tax authorities and the preparation of said returns; and to other matters material and relevant to this proceeding.

3. **Joseph Lilly**. Mr. Lilly, an attorney, will likely testify to the fact that he treated claimant and respondent Becker as partners and the partnership as valid and subsisting

at all material times; that he prepared articles of dissolution of the partnership in 2004; and to other matter materials and relevant to this proceeding.

4. **Belinda Williams.** An attorney and former employee of respondent Kenney, Becker LLP, will testify that both claimant and respondent Becker were partners; that Kenney Becker LLP was a valid and subsisting partnership at all material times; of the parties interactions; and to other matters material and relevant to this proceeding.

5. **Alan Harris.** An attorney and former employee of respondent Kenney Becker LLP, will likely testify that both claimant and respondent Becker were partners; that Kenney Becker LLP was a valid and subsisting partnership at all material times; of the parties interactions; and to other matters material and relevant to this proceeding.

6. **Eugene Becker.** Eugene Becker will give evidence about the 1995 partnership agreement, the first and second amendments thereto and the circumstances relating to the foregoing. He will speak about the February 1997 meeting with claimant and Mr. Medoff and the matters discussed. He will depose to the fact that the partnership agreement was amended twice, in 1996 and 2002, respectively. These amendments were in writing. Mr. Becker will testify to the June 24, 2005, correspondence of claimant's counsel that paragraph 8.0 of the first amendment to the partnership agreement "only address[es] circumstances of performing 'EPW' [extra partnership work] when Mssrs Kenny and Becker where equal partners who shared an office." Mr. Becker will testify that from and after the February 1997 meeting, until his withdrawal in February 2005, the partnership continued in existence and claimant enjoyed the benefits and had the burdens as partner throughout this time and at all times material. Mr. Becker will depose that claimant and he did not at anytime agree on a list of current or prospective client matters that would be extra partnership work. Mr. Becker will depose that claimant did not notify him or the partnership by memorandum or other writing about claimant's choice to perform extra partnership work. Mr. Becker will depose

to the fact that claimant did not comply with extra partnership work provisions and that he, claimant, partnership employees and clients, its accountants and others including attorney Joseph Lilly treated in fact and in substance the partnership as valid and subsisting at all material times. Mr. Becker will depose to matters relating to the foregoing and others in contradiction to the various versions put forth by claimant concerning his continuing failure to account for extra partnership work through February 17th, 2005, and to other matters material and relevant to this proceeding.

Dated: New York, NY
       March 13, 2007

                                        STEPHEN LATZMAN, ESQ.
                                        Attorney for Respondents
                                        276 Fifth Avenue, Suite 306
                                        New York, New York 10001
                                        (212) 532 3368

To: Joseph H. Lilly, Esq.
    Attorney for Claimant
    60 East 42nd Street
    New York, NY 10165

Exhibit I

INTERNATIONAL CENTER FOR DISPUTE RESOLUTION
Commercial Arbitration

---

In the Matter of the Arbitration between

Re: 50 180 T 00019 06
    Martin S. Kenney (CLAIMANT)
    and
    Eugene S. Becker and Kenney, Becker LLP (RESPONDENTS)

---

## **<u>Hearing Order # 7</u>**

1.  On October 24, 2007, at 11:00 A.M., a Status Hearing was held by telephone before Arbitrator Richard J. DeWitt. Appearing at the Hearing was Joseph H. Lilly, Esq. and Dan Wise, Esq., on behalf of the Claimant; Stephen Latzman, Esq. on behalf of Respondents.

2.  The purpose of the Hearing was to review the order of proof, address potential evidently issues and streamline the Hearing process. The order of witnesses was established by the parties and the Arbitrator.

3.  Respondents have requested to call as a witness Claimant's counsel, Joseph H. Lilly. Mr. Lilly has objected to appearing as a witness on the grounds that he does not possess any non-privileged information relevant to this arbitration.

4.  Respondents' counsel shall submit to the Arbitrator, on or before Monday November 12, 2007, a statement setting forth any probative and non-privileged information regarding which Mr. Lilly is anticipated to testify.

5.  Claimant's counsel may file a reply to Respondents' statement regarding Mr. Lilly's testifying on or before Friday, November 16, 2007.

6. A determination as to whether Mr. Lilly will be required to testify and the extent of such testimony, if any, will be determined at the Hearing.

7. Claimant's counsel shall submit to the Arbitrator, on or before Monday November 12, 2007, written objections to any evidence proposed to be submitted at the Hearing by Respondents.

8. Respondents' counsel may file a reply to Claimant's objections to proposed evidence on or before Friday, November 16, 2007.

9. Respondents' counsel shall submit to the Arbitrator and Claimant's counsel, on or before Thursday, November 8, 2007, a written demand for specific information regarding certain entities allegedly affiliated with Claimant.

10. Claimant shall respond to such demand with all requested documents, to the extent that such documents are in Claimant's possession on or before Tuesday, November 13, 2007[1].

11. Effect of Preliminary Order: Other than as modified herein, prior Hearing and Scheduling Orders continue in effect unless and until amended by subsequent order of the Arbitrator.

This Order is made in Miami-Dade County, Florida.

Dated: November 16, 2007

_____

Richard J. DeWitt

Arbitrator

---

[1] The scope of Claimant's response was limited in a subsequent Hearing on the issue.

Kenney v. Becker
ICDR Case #50 180 T 00019 06
Hearing Order #7
11/16/07

2

Exhibit J

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
-----------------------------------------------------------------------------X

In the Matter Of Arbitration Proceedings Between:

MARTIN S. KENNEY,                                    Case No. 50 180 T 00019 06

                                    Claimant

         -against-

EUGENE S. BECKER and KENNEY, BECKER LLP

                          Respondents.

-----------------------------------------------------------------------------X

### RESPONDENTS' DISCOVERY REQUESTS

         PLEASE TAKE NOTICE that the respondents hereby demand that claimant

produce at the offices of Stephen Latzman, Esq., 276 Fifth Avenue, Suite 306, New

York, NY 10001, on or before November 21, 2007, all documents set forth on the

annexed schedule. The term "Document" is defined to be synonymous in meaning and

equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a).

Dated: New York, NY
         November 8, 2007

                                              STEPHEN LATZMAN, ESQ.
                                              Attorney for Respondents
                                              276 Fifth Avenue, Suite 306
                                              New York, New York 10001
                                              (212) 532 3368

To:  Joseph H. Lilly, Esq.
     Attorney for Claimant
     60 East 42nd Street
     New York, NY 10165

## SCHEDULE TO DISCOVERY REQUEST

1. February 2003 Invoice referred to Exhibit 9 of Claimant's Index of Partnership documents.

2. April 2003 Invoice referred to Exhibit 10 of Claimant's Index of Partnership documents.

3. March 2003 Invoices (2) referred to Exhibit 11 of Claimant's Index of Partnership documents.

4. June 2003 Invoice referred to Exhibit 17 of Claimant's Index of Partnership documents.

5. June 2003 Invoice referred to Exhibit 19 of Claimant's Index of Partnership documents.

6. July 2003 Invoice referred to Exhibit 21 of Claimant's Index of Partnership documents.

7. August 2003 Invoice referred to Exhibit 23 of Claimant's Index of Partnership documents.

8. September 2003 Invoice referred to Exhibit 26 of Claimant's Index of Partnership documents.

9. September 2003 Invoice referred to Exhibit 27 of Claimant's Index of Partnership documents.

10. All of the organizational documents of Gymway Limited, such as certificate of incorporation, article of organization or other formation documents.

11. All of the internal organization documents of Gymway Limited, such as shareholders agreement, operating agreements or other documents concerning the internal organization of Gymway Limited.

12. All documents which show the holders of equitable and legal interests in Gymway Limited.

13. All of the corporate resolutions of Gymway Limited.

14. All minutes of meetings of the shareholders and directors of Gymway Limited.

15. All of the organizational documents of Gymway Holdings Ltd., such as certificate of incorporation, article of organization or other formation documents.

16. All of the internal organization documents of Gymway Holdings Ltd., such as shareholders agreement, operating agreements or other documents concerning the internal organization of Gymway Holdings Ltd.

17. All documents which show the holders of equitable and legal interests in Gymway Holdings Ltd.

18. All of the corporate resolutions of Gymway Holdings Ltd.

19. All minutes of meetings of the shareholders and directors of Gymway Holdings Ltd.

20. All Shareholders' Agreements by, between and among the shareholders of Interclaim (Bermuda), Ltd. (formerly known as Interclaim, Ltd.)

21. All Corporate Resolutions of Interclaim (Bermuda), Ltd. (formerly known as Interclaim, Ltd.)

22. All minutes of meetings of the shareholders and directors of Interclaim (Bermuda), Ltd. (formerly known as Interclaim, Ltd.)

23. Petition, application, complaint or other documents commencing the insolvency proceeding of Interclaim (Bermuda), Ltd. (formerly known as Interclaim, Ltd.)

24. All amendments to petition, application, complaint or other documents commencing the insolvency proceeding of Interclaim (Bermuda), Ltd. (formerly known as Interclaim, Ltd.)

25. All orders issued in the Interclaim insolvency proceeding.

26. All papers filed in the Interclaim insolvency proceeding.

27. All documents filed in the proceeding had in Alberta Canada known as "Blair Down."

28. All invoices issued by Gymway Limited to Martin Kenney.

29. All invoices issued by Gymway Limited to Martin Kenney & Co.

30. All invoices issued by Gymway Holdings Ltd. to Martin Kenney.

31. All invoices issued by Gymway Holdings Ltd. to Martin Kenney & Co.

Exhibit K

**From:** Joseph H. Lilly, Esq. [mailto:joelilly@att.net]
**Sent:** Friday, November 09, 2007 3:05 PM
**To:** Andrea Bugbee
**Cc:** 'Dan Wise'; Stephen Ira Latzman
**Subject:** Case No. 50 180 T 0019 06 Kenney v. Becker & Kenney Becker

Dear Ms. Bugbee – Please forward this email to Mr. DeWitt as soon as possible.

Dear Mr. DeWitt - Claimant hereby objects to the overly-broad, burdensome and abusive supplemental discovery demands of Respondents, which were delivered to Claimant by email at approximately 7:22 p.m. on November 8, 2007, and submits this emergency application for an order vacating or limiting the scope of such supplemental discovery.

Article 19, Rule 3 of the International Dispute Resolution Procedures of the AAA/ICDR provides that parties may be ordered to produce documents which the tribunal "deems necessary or appropriate."

The tribunal's jurisdiction in this matter is limited to controversies and claims arising out of the parties' partnership agreement.

None of the supplemental documents demanded by Respondents are related to any of the controversies and claims arising out of the parties' partnership agreement, as set forth in the many pleadings filed in this matter.  Respondents' stated reason for demanding such documents is that Claimant's evidentiary exhibits reference certain entities, so Respondents are entitled to all documents relating to the formation, business and termination of such entities.

Respondents are mistaken.  Each of the exhibits Respondents refer to has been propounded by Claimant to support its claims or to impeach one or more specific sworn statements made by Respondent Eugene Becker in Respondents' pleadings.

Respondents have the burden of showing a nexus between each supplemental document they seek disclosure of and a material fact that has been pleaded by one of the parties.

Respondents have made no attempt to meet this burden.  They have demanded, for example, that Claimant produce thousands of pages "filed in the proceeding had in Alberta Canada known as "Blair Down," without any justification why such production is relevant, let alone "necessary or appropriate," to this proceeding.

The blatant irrelevance of Respondents' demands on the eve of the arbitration hearing, almost six (6) months after close of discovery, leads to the inference that such demands have been made for improper collateral purposes.

Respondents' abusive and extra-jurisdictional supplemental discovery demands are calculated to increase Claimant's costs, foment an unnecessary and expensive pre-hearing discovery dispute, and delay once more the date on which Respondents must account for their meritless claims.

Claimant's counsel is preparing a brief on the issues raised by Respondents' supplemental demands. We hereby request that the Arbitrator require Respondents' counsel to promptly prepare a brief for their side of this issue - we understand that Mr. Latzman will be unavailable until Monday, November 12 - and that the Arbitrator promptly issue a ruling on this matter so that the hearing may go forward as scheduled.

JOSEPH H. LILLY, III
Attorney-at-Law
60 East 42nd Street
Suite 1338

12/3/2007

New York, New York 10165
tel: (212) 687-6523
fax: (212) 687-6526
joelilly@att.net

The information contained in this message, and its attachment(s), if any, is from the law office of Joseph H.
Lilly, III, is legally privileged and confidential, and is intended only for the use of the individual named
above and others who have been specifically authorized to receive such information. If you are not the
intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited and that the communication should be immediately returned to this
firm, at no cost to you. If you have received this communication in error, or if any problems occur with
transmission, please notify me immediately by telephone at (212) 687-6523 and/or by return e-mail at
joelilly@att.net. Thank you.

12/3/2007

Exhibit L

AS112607.TXT

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
CASE NO. 50 180 T 00019 06
--------------------------------------------------x

MARTIN S. KENNEY,

                            Claimant,

              - against -

EUGENE S. BECKER and KENNEY BECKER, LLP
(formerly known as Kenney Becker, Solicitors LLP)
a New York Registered Limited Liability
Partnership (in Dissolution),

                            Respondents.

--------------------------------------------------x
                            November 26, 2007
                            9:37 a.m.

                  American Arbitration Association
                  1633 Broadway
                  New York, New York


  B E F O R E:

RICHARD J. DeWITT, Arbitrator

H

1

```
                                    AS112607.TXT
10:01:24    2   A P P E A R A N C E S :

10:01:24    3   FOR THE APPLICANT:

10:01:24    4          LAW OFFICES OF JOSEPH H. LILLY, III
                            60 East 42nd Street
10:01:28    5               Suite 1338
                            New York, New York 10165
10:01:24    6          BY:  JOSEPH H. LILLY, III, ESQ.

10:01:24    7

10:01:24    8          MARTIN KENNEY & CO.
                            Third Floor
10:01:24    9               Flemming House
                            P.O. Box 4740
10:01:24    10              Road Town, Tortola
                            British Virgin Islands VG 1110
10:01:24    11         BY:  DANIEL WISE, ESQ.

10:01:24    12

10:01:24    13  FOR THE RESPONDENTS:

10:01:24    14         STEPHEN LATZMAN, ESQ.
                            276 Fifth Avenue
10:01:28    15              Suite 306
                            New York, New York 10001
10:01:24    16

            17

            18

            19

            20

            21

            22

            23

            24

            25


H


1OCEEDINGS

09:37:27    2

09:37:27    3                  THE ARBITRATOR:  Good morning.

09:37:28    4       I'm Richard DeWitt.  We're here on AAA case

09:37:36    5       number 50 180 T 00019 06, and we've got the
                                   Page 2
```

```
                              AS112607.TXT
09:48:50   9    it at the time, if you find it appropriate
09:48:53   10   at that time.
09:48:54   11              Mr. Latzman, you had a couple
09:48:56   12   of -- is there anything else?
09:48:56   13              MR. LILLY:  No.
09:48:56   14              THE ARBITRATOR:  You had a couple
09:48:56   15   of housekeeping issues?
09:48:56   16              MR. LATZMAN:  Right.  One that
09:48:56   17   Mr. Lilly touched on that I'd like to
09:48:59   18   expand on, but even before I get to that
09:49:01   19   point, I issued a subpoena to North Fork
09:49:05   20   Bank for documents relating to Gymway
09:49:11   21   Limited and Gymway Holdings Ltd.  That
09:49:15   22   subpoena is returnable this morning here.
09:49:19   23   When I say here, I mean at 10th floor, 1633
09:49:24   24   Broadway.  I just want to coordinate it
09:49:27   25   with the front desk when the documents come
```

[]

1OCEEDINGS

```
09:49:30   2    that they know where it's going.  It's
09:49:33   3    styled with the caption of the matter, so
09:49:34   4    it should be obvious.  But at the same
09:49:37   5    time, I just want to alert --
09:49:41   6              THE ARBITRATOR:  If you want to
09:49:41   7    deal with that -- have you dealt with that
09:49:44   8    with him?
09:49:45   9              MR. LATZMAN:  No.
09:49:49   10             THE ARBITRATOR:  I'm sure they'll
09:49:49   11   get that taken care of for you.  Are these
09:49:52   12   documents that you --
                           Page 12
```

AS112607.TXT

| 09:49:52 | 13 |          MR. LILLY:  This is the first |

09:49:52  13          MR. LILLY:  This is the first
09:49:53  14   we've heard of this and we object to him
09:49:56  15   filing a subpoena on a bank without even
09:49:58  16   notice to us what is going on.
09:49:59  17          MR. LATZMAN:  There is no
09:50:00  18   requirement that I provide notice to my
09:50:03  19   adversary of a trial subpoena, hearing
09:50:05  20   subpoena.
09:50:06  21          THE ARBITRATOR:  Why don't we do
09:50:07  22   this, to the extent that there is a
09:50:10  23   document that you receive and that you are
09:50:11  24   intending to try and enter into evidence,
09:50:14  25   let's immediately give it to Mr. Lilly.

 

1OCEEDINGS

09:50:18   2          MR. LATZMAN:  Of course.
09:50:19   3          THE ARBITRATOR:  If it's
09:50:20   4   something you have an objection to at the
09:50:21   5   time and he attempts to enter it into
09:50:24   6   evidence, we'll deal with it.
09:50:25   7          I can tell you that no one is
09:50:27   8   going to be prejudice in these proceedings.
09:50:29   9   We'll make arrangements so that you are not
09:50:33  10   prejudice if you believe you are.  We'll
09:50:35  11   give you adequate time to deal with any
09:50:37  12   issues.
09:50:38  13          I'm not sure what these documents
09:50:40  14   are.  But I will tell you, I've read most
09:50:42  15   everything that you all have written in the

Page 13

Exhibit M

DAL112707.txt

1

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
CASE NO. 50 180 T 00019 06
- - - - - - - - - - - - - - - - - - - - - - -X
MARTIN S. KENNEY,
                Claimant,

-against-

EUGENE S. BECKER and KENNEY, BECKER, LLP
(formerly known as Kenney, Becker, Solicitors,
LLP) a New York Registered Limited Liability
Partnership (in Dissolution),
                Respondents.
- - - - - - - - - - - - - - - - - - - - - - -X
                November 27, 2007
                9:37 a.m.

                1633 Broadway
                 American Arbitration Association
                New York, New York

B E F O R E :

RICHARD J. DeWITT, Arbitrator

2

A P P E A R A N C E S :

Page 1

DAL112707.txt
FOR THE APPLICANT:

          LAW OFFICES OF JOSEPH H. LILLY, III
               60 East 42nd Street, Suite 1338
               New York, New York 10165
          BY:  JOSEPH H. LILLY, III, ESQ.

          MARTIN KENNEY & CO.
               Flemming House
               P.O. Box 4740
               Road Town, Tortola
               British Virgin Islands VG 1110
          BY:        DANIEL WISE, ESQ.

FOR THE RESPONDENTS:

               STEPHEN LATZMAN, ESQ.
               276 Fifth Avenue, Suite 306
               New York, New York 10001

ALSO PRESENT:

               MARTIN S. KENNEY
               EUGENE S. BECKER

                         oOo

                                                    3
1              THE ARBITRATOR:  We're going to continue
2         with the direct examination of Mr. Kenney.
3              MR. LILLY:  Mr. DeWitt, yesterday Mr.
4         Kenney retained the Kasowitz law firm of this
5         building following emergency application to    09:45AM
                         Page 2

DAL112707.txt

```
 6          quash the subpoena, ex parte subpoena, which
 7          Mr. Latzman told us about yesterday.  We've
 8          been informed by our counsel that the
 9          subpoena was issued illegally for at least
10          four reasons, one of which being that it was  09:45AM
11          outside the jurisdiction of this arbitration.
12          It was third-party discovery; that's not
13          proper under the FAA.  It was not in
14          accordance with the Federal Rules of Civil
15          Procedure.  And probably other issues as      09:45AM
16          well, and this is going to cost Mr. Kenney a
17          significant amount of money.
18               Kasowitz has been instructed to file an
19          application to quash the subpoena and --
20          before Judge Rakoff, and to move for          09:46AM
21          sanctions against the respondents, and we're
22          going to amend our statement of claim to ask
23          for prayer of judgment in the amount of the
24          cost and expenses incurred by Mr. Kenney in
```

```
                         PROCEEDINGS                4
 1          terminating this unlawful nuisance propagated
 2          by the respondents.
 3               THE ARBITRATOR:  Okay, well, with
 4          respect to the subpoena, it was not, since it
 5          wasn't issued by -- through the arbitration,  09:46AM
 6          through, by me, I really have nothing to say
 7          about it, approaching it in the appropriate
 8          manner, I assume, whatever counsel has done
                            Page 3
```

DAL112707.txt

```
 9              with that.  I'm not sure what the arguments
10              -- are you making the argument it was without  09:46AM
11              the jurisdiction?
12                  MR. LILLY:  I'm making the argument it
13              was actually -- well, I'm not making any
14              argument at all.
15                  THE ARBITRATOR:  You're just notifying  09:47AM
16              me of that.
17                  MR. LILLY:  Yes.
18                  THE ARBITRATOR:  And I appreciate that.
19              To the extent they -- the court quashes the
20              subpoena, then I won't have to deal with it.  09:47AM
21              To the extent they show up we'll deal with it
22              then, if that's a pending issue.  It -- with
23              respect to -- let me hear from Mr. Latzman.
24                  MR. LATZMAN:  Yeah, I haven't heard this
```

```
                          PROCEEDINGS              5
 1              before obviously.  First, the documents were
 2              not produced, so they're not here.  Second, I
 3              would think in the first instance it would be
 4              an arbitrator's issue as to whether the
 5              documents, if produced, were -- are to be      09:47AM
 6              turned over or used.
 7                  THE ARBITRATOR:  If -- I think that's --
 8              I agree at that point in the event that the
 9              documents, the dispute is honored and the
10              document are produced, then I'll have a        09:48AM
11              decision to make.  At this point I don't
```

DAL112707.txt

12              think I have any decision I have to make or
13              appropriate for me to make.  Are we in
14              agreement on that?
15                  MR. LILLY:  I didn't hear what you said,  09:48AM
16              sir.
17                  THE ARBITRATOR:  As Mr. Latzman said at
18              this point there's no decision for me to
19              make.  In the event the documents happen to
20              be produced while this is going on, then I   09:48AM
21              will have to make a decision with regard to
22              that.
23                  MR. LILLY:  We're going to also move
24              that the documents are produced and Mr.


                              PROCEEDINGS                    6
1               Latzman represented yesterday that they would
2               be delivered yesterday.  We'd like a status
3               report immediately.
4                   MR. LATZMAN:  There are no documents.
5               You have the subpoena.                       09:48AM
6                   THE ARBITRATOR:  Just a second.  Wait.
7                   MR. LATZMAN:  Mr. Lilly.
8                   THE ARBITRATOR:  Let's keep some order
9               here.  He's issued a subpoena outside the
10              arbitration.  You've moved to quash it before  09:48AM
11              the judge.  We're going to let the judge deal
12              with it.  To the extent that the documents
13              are produced, then it's a decision I have to
14              make, and I'll address it at that time.
                              Page 5

DAL112707.txt

| | | |
|---|---|---|
| 15 | MR. WISE:  Mr. DeWitt -- | 09:49AM |
| 16 | MR. LATZMAN:  First of all, we have two | |
| 17 | arguments going on now.  This is exactly what | |
| 18 | I didn't want to happen and that's why I | |
| 19 | protested, first off.  You know, Mr. Kenney's | |
| 20 | entitled to as many counsel as he wants, but | 09:49AM |
| 21 | to have two people arguing the same point, at | |
| 22 | least I don't think is proper. | |
| 23 | The subpoena was not issued outside of | |
| 24 | the arbitration.  It was issued from the | |

PROCEEDINGS                           7

| | | |
|---|---|---|
| 1 | court returnable at the arbitration.  It's a | |
| 2 | testimony subpoena.  Before testimony is | |
| 3 | produced, obviously counsel has whatever | |
| 4 | rights they have to object to the testimony. | |
| 5 | I don't understand how counsel can make a | 09:49AM |
| 6 | statement that it was issued outside the | |
| 7 | arbitration. | |
| 8 | THE ARBITRATOR:  I made that statement. | |
| 9 | MR. LATZMAN:  Mr. Lilly just made that | |
| 10 | statement.  It's returnable at the | 09:49AM |
| 11 | International Center for Dispute Resolution, | |
| 12 | 1633 Broadway.  It's not a discovery | |
| 13 | subpoena.  It's not issued outside of the | |
| 14 | arbitration; it's issued here.  It's an ad | |
| 15 | testicum subpoena or as I'm sure everybody | 09:50AM |
| 16 | my -- | |
| 17 | MR. WISE:  Testificandum. | |

Page 6

DAL112707.txt

```
18            THE ARBITRATOR:  Excuse me one second.
19       Is it a -- it's not a subpoena for documents.
20            MR. LATZMAN:  No, it's a subpoena to      09:50AM
21       appear for testimony and to bring documents.
22            THE ARBITRATOR:  Okay.  Well, gentlemen,
23       I do not want to derail what we're doing this
24       morning.  I appreciate your bringing that to
```

```
                      PROCEEDINGS                        8
1        our attention and you've brought it to Mr.
2        Latzman's attention also and his client, and
3        why don't we -- and at this point, Mr.
4        Latzman, you're representing that you don't
5        have any documents and you don't have any --   09:50AM
6            MR. LATZMAN:  I haven't received any
7        documents.
8            THE ARBITRATOR:  It's not been acted
9        upon so why don't we go forward.  There's
10       nothing -- I don't think there's a             09:51AM
11       decision -- Mr. Lilly, you agree there's not
12       a decision you're asking me to make at this
13       point?
14           MR. LILLY:  That's right, sir.
15           MR. LATZMAN:  But I would like to know      09:51AM
16       for the record, this is basically typical of
17       the litigation techniques, the litigation
18       tactics that we've been seeing from the
19       claimant to --
20            THE ARBITRATOR:  Mr. Latzman, I don't      09:51AM
                      Page 7
```

DAL112707.txt

```
21          need it.
22                  MR. LATZMAN:  I understand that.
23                  THE ARBITRATOR:  I want to move forward
24          with the hearing.  Each party is certainly
```

```
                         PROCEEDINGS                      9
1           welcome to go to the court and protest any
2           subpoena that's issued either from me or
3           through the courts, and we're not -- got that
4           same right as they do.  It's not going to
5           help us get to where we need to get to today.  09:51AM
6           I certainly understand your point.
7                  MR. LATZMAN:  I want to pick up on a
8           statement that Mr. Lilly made about amending
9           the statement of claim.  Have you, are they,
10          is it -- I mean, are those issues in front of  09:52AM
11          us at this hearing?  I mean, again, we have a
12          moving target on this side.  And now we're
13          hearing that they're amending the statement
14          of claim.  Are we going to hear evidence on
15          their amended statement of claim?  Am I        09:52AM
16          supposed to be prepared to respond to an
17          amended statement of claim that was just
18          articulated eight minutes ago?
19                  THE ARBITRATOR:  No, let me respond to
20          you:  If, in fact, they amend their statement  09:52AM
21          of claim, if, in fact, they amend their
22          statement of claim, amended statement of
23          claim, all will be given full opportunity to
                              Page 8
```

DAL112707.txt

24          respond to that, but I will tell you, Mr.

                        PROCEEDINGS                    10
1           Lilly, that I believe that issue that you're
2           raising is the same issue that we discussed
3           yesterday before Rakoff, and since he's going
4           to be ruling on that, those kind of issues
5           may be more appropriately addressed by him,    09:53AM
6           since you raised those with him in the past.
7           But I'm not telling you you can't file an
8           amended statement of claim, as you know.   I'm
9           just telling you I'm going to have the same
10          concern about that issue as I have with        09:53AM
11          respect to your other request for, we
12          discussed yesterday.
13              MR. LILLY:  We will address those
14          concerns.
15              MR. LATZMAN:  I would ask there be an      09:53AM
16          absolute rule from you, sir, that an amended
17          statement of claim is untimely at this time
18          when we are in day two of the hearing, and I
19          don't -- how can we go forward with a
20          hearing, which is scheduled to conclude this   09:53AM
21          week, and then have them file an amended
22          statement of claim?  Do we come and do it all
23          over again?  Do a de novo hearing?  I think
24          it's untimely.

                        Page 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNEY, BECKER LLP and
EUGENE S. BECKER

                    Plaintiff,

         -against-

MARTIN S. KENNEY,

                 Defendant.

## DECLARATION OF JOSEPH H. LILLY, III

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
*Attorney(s) for*   Defendant

1633 BROADWAY
NEW YORK, NEW YORK 10019
212-506-1700

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*
*Dated:* December 10, 2007     Signature.........................................................

                            Print Signer's Name.............Dimitry Joffe.............

*Service of a copy of the within*                               *is hereby admitted.*

*Dated:*

                            ......................................................
                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF  *entered in the office of the clerk of the within named Court on*          *20*
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF  *Hon.*                       *one of the judges of the within named Court,*
SETTLEMENT  *at*
          *on*               *20*   , *at*         *M.*

*Check Applicable Box*

*Dated:*

                       KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
                  *Attorney(s) for*
                            Defendant
                          1633 BROADWAY
                    NEW YORK, NEW YORK 10019

*To:*

*Attorney(s) for*