```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
KENNEY, BECKER LLP, and EUGENE S.         :
BECKER,                                   :
                                          :    06 Civ. 2975 (JSR)
              Plaintiffs,                 :
                                          :    MEMORANDUM ORDER
              -v-                         :
                                          :
MARTIN S. KENNEY,                         :
                                          :
              Defendant.                  :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Defendant Martin S. Kenney moves both to impose sanctions on plaintiffs Kenney, Becker LLP and Eugene S. Becker (collectively, "Becker") for plaintiffs' wrongful issuance, under the purported authority of this Court, of a third-party subpoena in the arbitration proceedings ongoing between the parties, and to enjoin plaintiffs from issuing such subpoenas in the future. For the reasons set forth below, the Court grants defendant's motion for sanctions, awarding him the amount of attorney's fees expended in preparing and arguing this motion, and denies his motion for injunctive relief.

The above-captioned case, Kenney, Becker LLP v. Kenney, No. 06 Civ. 2975 ("Kenney I"), was originally filed in this Court in April 2006. By Order dated June 5, 2006, the Court placed the case on the suspense calendar and directed the parties to arbitrate their dispute as provided in their partnership agreement. Immediately thereafter, plaintiffs filed a second action, Kenney, Becker LLP v. Kenney, No. 06 Civ. 7634 ("Kenney II"), which concerned the same underlying dispute but sought slightly different relief. In Orders

dated November 3, 2006, and July 13, 2007, the Court dismissed that action on the basis of the plaintiffs' want of standing. At the same time, the Court, while noting that "plaintiffs' legal theory . . . was deeply flawed" and that "plaintiffs' 'real' purpose in bringing [the second] action . . . [was] highly suspect," declined defendant's request that the Court enjoin plaintiffs from commencing additional such litigation, in the belief that plaintiffs' resort to doubtful litigation tactics would not continue. See Order of July 13, 2007 at 6, Kenney II.

Soon after, however, the Court's confidence in plaintiffs' good faith was shaken. On November 8, 2007, in the context of the ongoing arbitration, plaintiff's counsel, without prior notice to any party, the arbitrator, or the Court, issued a subpoena, under the purported authority of this Court in this case, to third party North Fork Bank ("North Fork"). See Subpoena in a Civil Case, Ex. A to Declaration of Joseph H. Lilly III ("Lilly Decl."). The subpoena provided the docket number of the instant case and commanded the recipient to appear on November 26, 2007, at the building housing the International Centre for Dispute Resolution, where the arbitration hearing was scheduled to commence on that day. An "annexed schedule" to the subpoena directed production on that day of "[a]ll documents" relating to the bank accounts of companies called Gymway Limited and Gymway Holdings Limited, of which defendant is apparently a signatory. Even after issuance, plaintiff's counsel did not serve notice of the subpoena on defendant and did not advise the arbitrator

2

or the Court that he had issued it.

On November 26, 2007, the first day of the arbitration hearing, plaintiff's counsel finally informed defendant and the arbitrator that he had served the subpoena and that he expected that the witness and documents would arrive shortly; however, no person or documents from North Fork did arrive. Defendant noted his objection to the subpoena. On November 28, the parties entered negotiations and eventually agreed to suspend the hearing. On December 3, the parties contacted this Court's chambers. During the call, plaintiff's counsel agreed to withdraw the subpoena, and the Court granted leave to defendant to file this motion for sanctions and for injunctive relief.

This Court has the authority to impose sanctions in connection with the improper use of the Court's subpoenas under Federal Rule of Civil Procedure 45, which provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1).[1] The Court also has the "inherent" power

---

[1] Plaintiffs' contention that the Court lacks authority to impose sanctions under Rule 45 because defendant was not himself subject to the subpoena is without merit. First, this is a motion for sanctions, not to quash the subpoena, and plaintiffs have pointed to no source for the proposition that a party not subject to a subpoena may seek sanctions. Moreover, even if this were a motion to quash, defendant would have standing. See Griffith v. United States, No. Part I M8-85, 2007 U.S. Dist. LEXIS 36672 (S.D.N.Y. Apr. 24, 2007) ("[C]ourts of this circuit

3

to impose attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . . [or] if a court finds that a fraud has been practiced upon it." See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted). This inherent power "serv[es] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." Id. at 46.

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999). Similarly, a Court determining whether sanctions are appropriate under Rule 45(c)(1) should examine whether the subpoena served an improper purpose and whether it was unduly burdensome. See Molefi v. Oppenheimer Trust, No. 03 Civ. 5631, 2007 U.S. Dist. LEXIS 10554, at *6-8 (E.D.N.Y. Feb. 15, 2007) (awarding sanctions because the subpoena was burdensome and had no proper purpose); see also Mattel Inc. v. Walking Mt. Prods., 353 F.3d 792, 814 (9th Cir. 2003)

---

have found that 'individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'"(citing Arias-Zeballos v. Tan, 06 Civ. 1268, 2007 U.S. Dist. LEXIS 5068, at *2-3 (S.D.N.Y. Jan. 24, 2007) (collecting cases))).

(affirming district court's award of sanctions based on finding that subpoena was "overly burdensome and served for an improper purpose").

Here, the subpoena issued by plaintiff's counsel was blatantly improper for numerous reasons, all of which suggest that plaintiffs had no proper basis for the subpoena and were acting in bad faith.

First, the Court had fully stayed this case pending arbitration and placed it on the suspense calendar; accordingly, it was inappropriate for plaintiffs to take any action under the purported authority of this Court in this case while the arbitration was still pending.

Second, under the Federal Arbitration Act, which governs the arbitration, see Preliminary Hearing and Scheduling Order #1, Ex. D to Lilly Decl., only arbitrators — and not parties to an arbitration — have the authority to issue subpoenas.  See NBC v. Bear Stearns & Co., 165 F.3d 184, 187 (2d Cir. 1999) (holding that section 7 of the Federal Arbitration Act, which "provides statutory authority for invoking the powers of a federal district court to assist arbitrators in obtaining evidence," "explicitly confers authority only upon arbitrators; by necessary implication, the parties to an arbitration may not employ this provision to subpoena documents or witnesses.").[2]

---

[2] Plaintiffs' argument that they had authority to issue the subpoenas because the New York Civil Practice Law and Rules ("C.P.L.R.") applies to the dispute and C.P.L.R. section 7505 provides that "any attorney of record in the arbitration proceeding has the power to issue subpoenas" is flawed for at least two reasons: first, the subpoena purported to be issued from a federal court under Federal Rule of Civil Procedure 45,

Third, even if (contrary to the fact) the subpoena had been properly issued under Rule 45, plaintiffs failed to give prior notice of the subpoena to defendant, as required by Rule 45(b)(1).  See generally Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (holding that Rule 45 "require[s] that notice be given prior to the issuance of the subpoena, not prior to its return date").[3]

Fourth, it appears that the subpoena sought at least some documents that the arbitrator had already ruled were not discoverable.  See Lilly Decl. ¶ 22.  While it is not this Court's role to enforce the arbitrator's rulings, plaintiffs' violation is relevant to whether the subpoena had an improper purpose or was filed in bad faith.[4]

---

not a state court; second, the parties had previously agreed that federal arbitral law – not New York procedural law - applied to the arbitration, see Preliminary Hearing and Scheduling Order #1, Ex. D to Lilly Decl.  Indeed, plaintiffs' argument borders on frivolous.

[3] Like their contention that the subpoena was proper under the C.P.L.R., plaintiffs' argument that they were not required to give prior notice because the subpoena was a "trial subpoena" is completely meritless.  First and foremost, an arbitral hearing simply is not a trial.  Moreover, even if it were, the subpoena was far too broad to be considered a proper trial subpoena.  See Revander v. Denman, 2004 U.S. Dist. LEXIS 628, at *2-3 (S.D.N.Y. Jan. 24, 2004) (noting that trial subpoenas are appropriate in limited circumstances but not as a means of engaging in further discovery); Pitter v. American Express Company, No. 82 Civ. 7451, 1984 U.S. Dist. LEXIS 21736, at *17-18 (S.D.N.Y. Nov. 27, 1984) (similar).

[4] Plaintiffs assert that it was not improper to request the documents because they understood that the ultimate authority to admit or exclude the documents lay with the arbitrator.  Even at trials, however, judges determine which materials are admissible, but that does not excuse parties from adhering to previously set limits on third-party subpoenas.  See Murphy v. Board of Educ., No. 00 Civ. 6038, 2000 U.S. Dist. LEXIS 13218, at *23 (W.D.N.Y.

In light of the obvious impropriety of the subpoena, the unwarranted burden it imposed on a third party,[5] and these plaintiffs' particular history of vexatious conduct, see Order of July 13, 2007, Kenney II, the Court awards to defendant, pursuant to Rule 45(c)(1) and the Court's inherent powers, sanctions in the amount of defendant's attorneys' fees and costs incurred in preparing, filing, and arguing this motion.  Defendant's counsel is directed to submit to the Court, within one week from the date of this Order, a calculation of the amount of such fees and costs.  Plaintiffs' counsel is directed to submit any objections to that calculation within one week after the calculation is filed.  The Court will then issue an order specifying the amount of the award.

As to defendant's motion for injunctive relief, and notwithstanding plaintiffs' prior transgressions, the Court has, with

---

2000) ("[The sanctioned attorney's] suggestion that she may secretly subpoena personal medical records then argue about the relevance of these documents later demonstrates a distressingly unrepentant posture. Her subpoena-first, ask-questions-later approach is clearly contrary to Rule 45 . . . .").

[5] Plaintiffs argue that the subpoena imposed no burden whatsoever on North Fork because it did not comply by producing the documents.  According to defendant, however, North Fork did take steps to assemble responsive documents.  One court has observed that "[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1)." Builders Ass'n of Greater Chicago, No. 96 1122, 2002 U.S. Dist. LEXIS 8461, at *14 (N.D. Ill. May 13, 2002).  Moreover, Rule 45 permits sanctions permits sanctions when a party has failed to uphold its "duty" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(c)(1); plaintiffs clearly did not take such steps.

7

some difficulty, chosen to credit the new representations that plaintiffs' counsel made to the Court during oral argument on this motion that no further such mistakes will occur.  If the Court later learns that its confidence in plaintiffs' counsel has been misplaced, the Court will take appropriate action.

    SO ORDERED.

                                          JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 6, 2008