UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.................................................................X

KENNEY, BECKER LLP and           :        06 Civ. 2975 (JSR)
EUGENE S. BECKER,                :
                                 :        **DECLARATION OF**
                    Plaintiffs,  :        **DIMITRY JOFFE**
                                 :
                                 :
          v.                     :
MARTIN S. KENNEY,                :
                                 :
                    Defendant    :
.................................................................X

DIMITRY JOFFE, hereby declares as follows:

1.       I am a special counsel at the law firm of Kasowitz, Benson, Torres & Friedman

LLP ("KBTF"), attorneys for defendant Martin S. Kenney.  I was retained by defendant Kenney

in connection with his motion for sanctions in the above-captioned matter.  I was primarily

responsible for preparing and arguing the motion.

2.       I submit this declaration pursuant to the Court's Order dated March 6, 2008 (the

"Order"), granting the motion.  The Order requires defendant's counsel to submit to the Court a

calculation of the amount of "attorneys' fees and costs incurred in preparing, filing, and arguing

the motion."  Order at 7 (attached as Exhibit A hereto).

3.       A true and correct copy of KBTF's invoice to defendant is attached hereto as

Exhibit B (with attorney work product information redacted).  The invoice sets forth the amount

of KBTF's attorneys' fees and costs incurred by defendant in connection with the motion.  In

particular, I billed 63.3 hours for preparing, filing and arguing the motion, at the rate of $600 per

hour.  KBTF's associate Karla Bookman billed 6.5 hours for legal research in connection with

the motion, at the rate of $250 per hour.  In total, KBTF's fees amount to $40,251.  KBTF's costs

incurred in connection with the motion -- including automated research costs and the costs of copying, filing and serving the motion papers -- amount to $9,643.97.

4.      In addition, Joseph H. Lilly III, the member of the Law Office of Joseph H. Lilly, III, who represents defendant Kenney as his counsel of record in the above-referenced action, as well as in the arbitration of the disputes between the parties herein before the International Centre for Dispute Resolution, billed defendant Kenney 29.8 hours for his work on the motion, at the rate of $200 per hour. Mr. Lilly's total fees amount to $5968.00. A true and correct copy of Mr. Lilly invoice is attached as Exhibit C hereto (with information regarding unrelated professional services redacted).

5.      In sum, the total amount of attorneys' fees and costs incurred by defendant Kenney in connection with the motion is $55,862.97.

6.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  New York, New York
        March 12, 2008

_____
Dimitry Joffe (DJ-6498)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

...................................................................X

KENNEY, BECKER LLP and          :
EUGENE S. BECKER,                :
                                      :
                   Plaintiffs,   :
                                        :    06 Civ. 2975 (JSR)
               v.               :
                                        :
MARTIN S. KENNEY,            :
                                        :
                   Defendant  :

...................................................................X

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney licensed to practice in the state of New York, hereby

certifies that on March 13, 2008, he caused a true and correct copy of the Declaration of Dimitry

Joffe dated March 12, 2008, to be served by hand upon Stephen Latzman, 276 Fifth Avenue,

Suite 306, New York, NY 10001, attorneys for Plaintiffs.

                                           _____

                                            Dimitry Joffe, Esq. (DJ-6498)

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------- x
KENNEY, BECKER LLP, and EUGENE S.    :
BECKER,                              :
                                     :        06 Civ. 2975 (JSR)
               Plaintiffs,           :
                                     :        MEMORANDUM ORDER
      -v-                            :
                                     :
MARTIN S. KENNEY,                    :
                                     :
               Defendant.            :
----------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

      Defendant Martin S. Kenney moves both to impose sanctions on plaintiffs Kenney, Becker LLP and Eugene S. Becker (collectively, "Becker") for plaintiffs' wrongful issuance, under the purported authority of this Court, of a third-party subpoena in the arbitration proceedings ongoing between the parties, and to enjoin plaintiffs from issuing such subpoenas in the future. For the reasons set forth below, the Court grants defendant's motion for sanctions, awarding him the amount of attorney's fees expended in preparing and arguing this motion, and denies his motion for injunctive relief.

      The above-captioned case, Kenney, Becker LLP v. Kenney, No. 06 Civ. 2975 ("Kenney I"), was originally filed in this Court in April 2006. By Order dated June 5, 2006, the Court placed the case on the suspense calendar and directed the parties to arbitrate their dispute as provided in their partnership agreement. Immediately thereafter, plaintiffs filed a second action, Kenney, Becker LLP v. Kenney, No. 06 Civ. 7634 ("Kenney II"), which concerned the same underlying dispute but sought slightly different relief. In Orders

1

dated November 3, 2006, and July 13, 2007, the Court dismissed that

action on the basis of the plaintiffs' want of standing.  At the same

time, the Court, while noting that "plaintiffs' legal theory . . .

was deeply flawed" and that "plaintiffs' 'real' purpose in bringing

[the second] action . . . [was] highly suspect," declined defendant's

request that the Court enjoin plaintiffs from commencing additional

such litigation, in the belief that plaintiffs' resort to doubtful

litigation tactics would not continue.  See Order of July 13, 2007 at

6, Kenney II.

Soon after, however, the Court's confidence in plaintiffs'

good faith was shaken.  On November 8, 2007, in the context of the

ongoing arbitration, plaintiff's counsel, without prior notice to any

party, the arbitrator, or the Court, issued a subpoena, under the

purported authority of this Court in this case, to third party North

Fork Bank ("North Fork").  See Subpoena in a Civil Case, Ex. A to

Declaration of Joseph H. Lilly III ("Lilly Decl.").  The subpoena

provided the docket number of the instant case and commanded the

recipient to appear on November 26, 2007, at the building housing the

International Centre for Dispute Resolution, where the arbitration

hearing was scheduled to commence on that day.  An "annexed schedule"

to the subpoena directed production on that day of "[a]ll documents"

relating to the bank accounts of companies called Gymway Limited and

Gymway Holdings Limited, of which defendant is apparently a

signatory.  Even after issuance, plaintiff's counsel did not serve

notice of the subpoena on defendant and did not advise the arbitrator

2

or the Court that he had issued it.

On November 26, 2007, the first day of the arbitration hearing, plaintiff's counsel finally informed defendant and the arbitrator that he had served the subpoena and that he expected that the witness and documents would arrive shortly; however, no person or documents from North Fork did arrive. Defendant noted his objection to the subpoena. On November 28, the parties entered negotiations and eventually agreed to suspend the hearing. On December 3, the parties contacted this Court's chambers. During the call, plaintiff's counsel agreed to withdraw the subpoena, and the Court granted leave to defendant to file this motion for sanctions and for injunctive relief.

This Court has the authority to impose sanctions in connection with the improper use of the Court's subpoenas under Federal Rule of Civil Procedure 45, which provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1).[1] The Court also has the "inherent" power

---

[1] Plaintiffs' contention that the Court lacks authority to impose sanctions under Rule 45 because defendant was not himself subject to the subpoena is without merit. First, this is a motion for sanctions, not to quash the subpoena, and plaintiffs have pointed to no source for the proposition that a party not subject to a subpoena may seek sanctions. Moreover, even if this were a motion to quash, defendant would have standing. See Griffith v. United States, No. Part I M8-85, 2007 U.S. Dist. LEXIS 36672 (S.D.N.Y. Apr. 24, 2007) ("[C]ourts of this circuit

3

to impose attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . . [or] if a court finds that a fraud has been practiced upon it." See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted).  This inherent power "serv[es] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." Id. at 46.

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999).  Similarly, a Court determining whether sanctions are appropriate under Rule 45(c)(1) should examine whether the subpoena served an improper purpose and whether it was unduly burdensome.  See Molefi v. Oppenheimer Trust, No. 03 Civ. 5631, 2007 U.S. Dist. LEXIS 10554, at *6-8 (E.D.N.Y. Feb. 15, 2007) (awarding sanctions because the subpoena was burdensome and had no proper purpose); see also Mattel Inc. v. Walking Mt. Prods., 353 F.3d 792, 814 (9th Cir. 2003)

---

have found that 'individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'"(citing Arias-Zeballos v. Tan, 06 Civ. 1268, 2007 U.S. Dist. LEXIS 5068, at *2-3 (S.D.N.Y. Jan. 24, 2007) (collecting cases))).

4

(affirming district court's award of sanctions based on finding that subpoena was "overly burdensome and served for an improper purpose").

Here, the subpoena issued by plaintiff's counsel was blatantly improper for numerous reasons, all of which suggest that plaintiffs had no proper basis for the subpoena and were acting in bad faith.

First, the Court had fully stayed this case pending arbitration and placed it on the suspense calendar; accordingly, it was inappropriate for plaintiffs to take <u>any</u> action under the purported authority of this Court in this case while the arbitration was still pending.

Second, under the Federal Arbitration Act, which governs the arbitration, <u>see</u> Preliminary Hearing and Scheduling Order #1, Ex. D to Lilly Decl., only arbitrators — and not parties to an arbitration — have the authority to issue subpoenas. <u>See</u> <u>NBC v. Bear Stearns &</u> <u>Co.</u>, 165 F.3d 184, 187 (2d Cir. 1999) (holding that section 7 of the Federal Arbitration Act, which "provides statutory authority for invoking the powers of a federal district court to assist arbitrators in obtaining evidence," "explicitly confers authority only upon arbitrators; by necessary implication, the parties to an arbitration may not employ this provision to subpoena documents or witnesses.").[2]

_____

[2]  Plaintiffs' argument that they had authority to issue the subpoenas because the New York Civil Practice Law and Rules ("C.P.L.R.") applies to the dispute and C.P.L.R. section 7505 provides that "any attorney of record in the arbitration proceeding has the power to issue subpoenas" is flawed for at least two reasons: first, the subpoena purported to be issued from a federal court under Federal Rule of Civil Procedure 45,

5

Third, even if (contrary to the fact) the subpoena had been properly issued under Rule 45, plaintiffs failed to give prior notice of the subpoena to defendant, as required by Rule 45(b)(1). See generally Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (holding that Rule 45 "require[s] that notice be given prior to the issuance of the subpoena, not prior to its return date").[3]

Fourth, it appears that the subpoena sought at least some documents that the arbitrator had already ruled were not discoverable. See Lilly Decl. ¶ 22. While it is not this Court's role to enforce the arbitrator's rulings, plaintiffs' violation is relevant to whether the subpoena had an improper purpose or was filed in bad faith.[4]

---

not a state court; second, the parties had previously agreed that federal arbitral law – not New York procedural law – applied to the arbitration, see Preliminary Hearing and Scheduling Order #1, Ex. D to Lilly Decl. Indeed, plaintiffs' argument borders on frivolous.

[3] Like their contention that the subpoena was proper under the C.P.L.R., plaintiffs' argument that they were not required to give prior notice because the subpoena was a "trial subpoena" is completely meritless. First and foremost, an arbitral hearing simply is not a trial. Moreover, even if it were, the subpoena was far too broad to be considered a proper trial subpoena. See Revander v. Denman, 2004 U.S. Dist. LEXIS 628, at *2-3 (S.D.N.Y. Jan. 24, 2004) (noting that trial subpoenas are appropriate in limited circumstances but not as a means of engaging in further discovery); Pitter v. American Express Company, No. 82 Civ. 7451, 1984 U.S. Dist. LEXIS 21736, at *17-18 (S.D.N.Y. Nov. 27, 1984) (similar).

[4] Plaintiffs assert that it was not improper to request the documents because they understood that the ultimate authority to admit or exclude the documents lay with the arbitrator. Even at trials, however, judges determine which materials are admissible, but that does not excuse parties from adhering to previously set limits on third-party subpoenas. See Murphy v. Board of Educ., No. 00 Civ. 6038, 2000 U.S. Dist. LEXIS 13218, at *23 (W.D.N.Y.

6

In light of the obvious impropriety of the subpoena, the
unwarranted burden it imposed on a third party,[5] and these
plaintiffs' particular history of vexatious conduct, see Order of
July 13, 2007, Kenney II, the Court awards to defendant, pursuant to
Rule 45(c)(1) and the Court's inherent powers, sanctions in the
amount of defendant's attorneys' fees and costs incurred in
preparing, filing, and arguing this motion.  Defendant's counsel is
directed to submit to the Court, within one week from the date of
this Order, a calculation of the amount of such fees and costs.
Plaintiffs' counsel is directed to submit any objections to that
calculation within one week after the calculation is filed.  The
Court will then issue an order specifying the amount of the award.

As to defendant's motion for injunctive relief, and
notwithstanding plaintiffs' prior transgressions, the Court has, with

---

2000) ("[The sanctioned attorney's] suggestion that she may
secretly subpoena personal medical records then argue about the
relevance of these documents later demonstrates a distressingly
unrepentant posture. Her subpoena-first, ask-questions-later
approach is clearly contrary to Rule 45 . . . .").

[5]  Plaintiffs argue that the subpoena imposed no burden
whatsoever on North Fork because it did not comply by producing
the documents.  According to defendant, however, North Fork did
take steps to assemble responsive documents.  One court has
observed that "[w]hen a subpoena should not have been issued,
literally everything done in response to it constitutes 'undue
burden or expense' within the meaning of Civil Rule 45(c)(1)."
Builders Ass'n of Greater Chicago, No. 96 1122, 2002 U.S. Dist.
LEXIS 8461, at *14 (N.D. Ill. May 13, 2002).  Moreover, Rule 45
permits sanctions when a party has failed to
uphold its "duty" to "take reasonable steps to avoid imposing
undue burden or expense on a person subject to the subpoena,"
Fed. R. Civ. P. 45(c)(1); plaintiffs clearly did not take such
steps.

7

some difficulty, chosen to credit the new representations that plaintiffs' counsel made to the Court during oral argument on this motion that no further such mistakes will occur.  If the Court later learns that its confidence in plaintiffs' counsel has been misplaced, the Court will take appropriate action.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        March 6, 2008

8

# EXHIBIT B

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
**1633 BROADWAY**
**NEW YORK, NEW YORK 10019-6799**

**Federal I.D. # 13-3720397**

JANUARY 31, 2008

08147001
Martin S. Kenney; Gymway Ltd., Gymway Holdings Limited
Kenney, Martin

| DATE | ATTORNEY OR ASSISTANT | HOURS |
|------|----------------------|-------|
| 11/26/07 | DIMITRY JOFFE<br>Meeting w/client; review background documents;<br>research re arbitration subpoena. | 5.20 |
| 11/27/07 | DIMITRY JOFFE<br>Meeting w/client; research and drafting motion<br>papers on motion to quash subpoena and<br>sanctions. | 7.20 |
| 11/28/07 | DIMITRY JOFFE<br>Drafting motion papers. | 8.50 |
| 11/28/07 | KARLA R. BOOKMAN<br>Research | 6.50 |

**REDACT**

| | | |
|------|----------------------|-------|
| 11/29/07 | DIMITRY JOFFE<br>Meeting w/client; revising motion papers. | 5.10 |
| 11/30/07 | DIMITRY JOFFE<br>Revising motion papers. | 5.60 |
| 12/03/07 | DIMITRY JOFFE<br>T/c w/Joe Lilly; t/c w/chambers re motion. | .40 |
| 12/05/07 | DIMITRY JOFFE<br>Revising motion papers. | 1.20 |

```
Kenney, Martin S.; Gymway Ltd., Gymway Holdings   Jan 31, 2008   PAGE   2
FILE NUMBER: 08147001
INVOICE NO.:  801245
```

| Date | | Hours |
|---|---|---|
| 12/06/07 | DIMITRY JOFFE<br>Revising motion papers. | 1.10 |
| 12/07/07 | DIMITRY JOFFE<br>Reviewing transcripts; t/c w/Joe Lilly; t/c<br>w/chambers re Rule 11 motion. | .50 |
| 12/08/07 | DIMITRY JOFFE<br>Revising motion papers. | 3.20 |
| 12/09/07 | DIMITRY JOFFE<br>Revising motion papers. | 3.40 |
| 12/10/07 | DIMITRY JOFFE<br>Filing motion papers. | .50 |
| 12/10/07 | FERMIN FIGUEROA, JR<br>Review and prepare motion for service and<br>filing; open new docket and docket same.<br>KENNEY, BECKER LLP v. MARTIN S. KENNEY | 1.00 |
| 12/10/07 | FRANCISCO J. VELEZ<br>Travel to opposing counsel's offices serve<br>motion papers (KENNEY, BECKER LLP v. MARTIN S.<br>KENNEY, D. Joffe). | 1.10 |
| 12/17/07 | DIMITRY JOFFE<br>Reviewing Recker's motion papers; research for<br>reply brief. | 4.20 |
| 12/18/07 | DIMITRY JOFFE<br>Research/drafting reply brief. | 3.00 |
| 12/18/07 | FRANCISCO J. VELEZ<br>Docketed Plaintiff's Memorandum of Law in<br>Opposition to Motion for Sanctions and<br>Injunctive Relief; Declaration of Stephen<br>Latzman in Opposition to defendant's motion for<br>sanctions and injunctive relief; Affidavit of<br>Eugene Becker in opposition to defendant's<br>motion for sanctions sworn to on 12/14/07. | .10 |
| 12/19/07 | DIMITRY JOFFE<br>Drafting reply brief. | 2.70 |
| 12/20/07 | DIMITRY JOFFE<br>Finalizing, filing and serving reply papers. | 2.10 |
| 12/20/07 | FERMIN FIGUEROA, JR<br>Review and prepare reply memo for service and<br>filing. | .50 |

```
Kenney, Martin S.; Gymway Ltd., Gymway Holdings    Jan 31, 2008      PAGE    3
FILE NUMBER: 08147001
INVOICE NO.:  801245
```

| Date | Description | Hours |
|------|-------------|-------|
| 12/20/07 | FRANCISCO J. VELEZ<br>Docketed Reply Memorandum of Law in Further<br>Support of Motion for Sanctions and Injunctive<br>Relief. | .10 |
| 12/20/07 | JOSE DISLA<br>Traveled to SDNY delivered paper to Judge<br>Rakoff and proceeded to serve opposing counsel. | 1.50 |
| 12/26/07 | DIMITRY JOFFE<br>Oral argument preparation. | 1.20 |
| 12/27/07 | DIMITRY JOFFE<br>Oral argument preparation. | 1.20 |
| 12/28/07 | DIMITRY JOFFE<br>Oral argument preparation. | 1.80 |
| 01/02/08 | DIMITRY JOFFE<br>Call with Joe Lilly; oral argument prep. | 2.50 |
| 01/03/08 | DIMITRY JOFFE<br>Oral argument; follow-up email to client. | 2.70 |

```
            TOTAL HOURS                          74.10
```

Kenney, Martin S.; Gymway Ltd., Gymway Holdings    Jan 31, 2008       PAGE    4
FILE NUMBER: 08147001
INVOICE NO.:   801245


|  | HOURS | AMOUNT |
|---|---|---|
| SPECIAL COUNSEL | | |
| DIMITRY JOFFE | 63.30 | 37,980.00 |
| | | |
| ASSOCIATE | | |
| KARLA R. BOOKMAN | 6.50 | 1,625.00 |
| | | |
| MANAGING CLERK | | |
| JOSE DISLA | 1.50 | 165.00 |
| FERMIN FIGUEROA, JR | 1.50 | 292.50 |
| FRANCISCO J. VELEZ | 1.30 | 188.50 |


                    TOTAL FEES                        $40,251.00

TRANSCRIPTS                                  115.00
AUTOMATED RESEARCH                         9,418.88
DOCUMENT REPRODUCTION                         80.20
DOCUMENT DELIVERY                             12.50
TELEPHONE                                     17.39


                 TOTAL COSTS                      $9,643.97


           TOTAL FEES AND COSTS                  $49,894.97

```
Kenney, Martin S.; Gymway Ltd., Gymway Holdings   Jan 31, 2008      PAGE    5
FILE NUMBER: 08147001
INVOICE NO.:  801245
```

TRANSCRIPTS

```
01/04/08 TRANSCRIPTS - - VENDOR: SOUTHERN DISTRICT            115.00
         REPORTERS COPY OF HEARING TRANSCRIPT REQUESTED
         BY D. JOFFE

                                      SUBTOTAL:    115.00
```

AUTOMATED RESEARCH

```
11/30/07 AUTOMATED RESEARCH - - WESTLAW - INV# 814909139      982.79
         - DATE: 12/01/07 RESEARCH FOR PERIOD NOVEMBER
         2007 BY D. JOFFE
11/30/07 AUTOMATED RESEARCH - - WESTLAW - INV# 814909139    2,190.86
         - DATE: 12/01/07 RESEARCH FOR PERIOD NOVEMBER
         2007 BY D. JOFFE
11/30/07 AUTOMATED RESEARCH - - WESTLAW - INV# 814909139    1,022.31
         - DATE: 12/01/07 RESEARCH FOR PERIOD NOVEMBER
         2007 BY D. JOFFE
11/30/07 AUTOMATED RESEARCH- LEXIS/NEXIS - INV#              207.34
         0711068645 - DATE: 11/30/07 RESEARCH FOR PERIOD
         NOVEMBER 2007 BY K. BOOKMAN
12/31/07 AUTOMATED RESEARCH - - WESTLAW - INV# 815128635      496.39
         - DATE: 1/01/08 RESEARCH FOR PERIOD DECEMBER
         2007 BY D. JOFFE
12/31/07 AUTOMATED RESEARCH - - WESTLAW - INV# 815128635    3,772.73
         - DATE: 1/01/08 RESEARCH FOR PERIOD DECEMBER
         2007 BY D. JOFFE
12/31/07 AUTOMATED RESEARCH  - LEXIS/NEXIS - INV#            674.87
         0712054446 - DATE: 12/31/07
         RESEARCH FOR PERIOD DECMEBER 2007 BY J.
         BORSTEIN
12/31/07 AUTOMATED RESEARCH  - LEXIS/NEXIS - INV#             71.59
         0712054446 - DATE: 12/31/07
         RESEARCH FOR PERIOD DECMEBER 2007 BY D. JOFFE

                                      SUBTOTAL:  9,418.88
```

DOCUMENT REPRODUCTION

```
12/20/07 DOCUMENT REPRODUCTION                               19.60
12/27/07 DOCUMENT REPRODUCTION                               60.60
```

```
Kenney, Martin S.; Gymway Ltd., Gymway Holdings   Jan 31, 2008      PAGE    6
FILE NUMBER: 08147001
INVOICE NO.:  801245


                                          SUBTOTAL:       80.20

DOCUMENT DELIVERY

12/28/07 DOCUMENT DELIVERY - - VENDOR: KIWI EXPRESS,           12.50
         INC. KIWI TICKET # 00150285 FOR D. JOFFE, FROM:
         KBTF / 1633 BWAY, TO: STEPHEN LATZMAN / 276 5TH
         AVE ON 12/20/07, INV # 011629, DATE 12/28/07


                                          SUBTOTAL:       12.50

TELEPHONE

12/31/07 TELEPHONE - - VENDOR: INTERCALL CONFERENCE CALL       17.39
         MADE ON 12/7 BY D. JOFFE INV #B1-11287033 DTD
         12/31/07


                                          SUBTOTAL:       17.39


         TOTAL                            $9,643.97
```

EXHIBIT C

Law Office of Joseph H. Lilly, III
60 East 42nd Street
Suite 1338
New York NY 10165


Invoice submitted to:
Martin S. Kenney
Third Floor, Flemming House
P.O. Box 4740
Road Town, Tortola  BVI



In Reference To:Legal services in connection with Kenney
               v. Kenney Becker LLP & Becker


     Professional services

|          | Hrs/Rate | Amount |
|----------|----------|--------|
| 11/2/07  **REDACT** | | |
| 11/4/07  | | |
| 11/5/07  **REDACT** | | |
| 11/6/07  | | |
| 11/7/07  | | |
| **REDACT** | | |
| 11/8/07  | | |

Martin S. Kenney                                    Page    2

|  | Hrs/Rate | Amount |
|---|---|---|

11/9/07

**REDACT**

11/10/07

11/11/07

**REDACT**

11/12/07

11/13/07

**REDACT**

11/14/07

11/15/07

11/16/07

**REDACT**

11/19/07

11/20/07

Martin S. Kenney                                              Page    3

                                                Hrs/Rate          Amount

11/21/07

11/23/07

                              **REDACT**

11/24/07

11/25/07

11/26/07

        Conf w/ MSK, DW, D. Joffe re:           2.00          400.00
        subpoena, motion to quash, sanctions   200.00/hr

11/27/07

        Conf w/ MSK, DW, D. Joffe re:           1.23          246.00
        subpoena, motion to quash, sanctions   200.00/hr

11/28/07                                        10.77
                                               200.00/hr

        Conf w/ MSK, DW, D. Joffe re:           1.10          220.00
        subpoena, motion to quash, sanctions   200.00/hr

11/29/07

        Conf w/ MSK, DW, D. Joffe re:           2.65          530.00
        subpoena, motion to quash, sanctions   200.00/hr

        For professional services rendered

        Balance due

Law Office of Joseph H. Lilly, III
60 East 42nd Street
Suite 1338
New York NY 10165


Invoice submitted to:
Martin S. Kenney
Third Floor, Flemming House
P.O. Box 4740
Road Town, Tortola  BVI



In Reference To:Legal services in connection with Kenney
              v. Kenney Becker LLP & Becker

        Professional services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/1/07 | Draft letter to Rakoff, revise declaration, emails to Joffe, MSK, review comments | 3.20 200.00/hr | 640.00 |
| 12/3/07 | Conf w/ Joffe, execute declaration, t/c's w/ Joffe, Latzan, D. Tarentallo, J. Rakoff re: motion to quash subpoena, sanctions | 3.28 200.00/hr | 656.00 |
| 12/4/07 | Emails to MSK, DW, D. Joffe, Latzman re: motion | 0.75 200.00/hr | 150.00 |
| 12/6/07 | Finalize Rakoff letter, review Latzman letter, scan & email to MSK, DW, D. Joffe, draft inserts to declaration, email to Joffe, t/c w/ Joffe | 3.68 200.00/hr | 736.00 |

Martin S. Kenney                                         Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/7/07 | T/c's w/ Joffe, Latzman, Rakoff clerk, review MSK email, email to MSK | 0.67 200.00/hr | 134.00 |
| 12/8/07 | Finalize letter to Rakoff, revise declaration, email to Joffe | 1.10 200.00/hr | 220.00 |
| 12/9/07 |  |  |  |
| 12/10/07 | Revise declaration & MOL for SDNY motn, conf w. Joffe, execute declaration, review SDNY loacal rule 83.12, t/c's w/ MSK, Joffe | 2.62 200.00/hr | 524.00 |
| 12/11/07 | **REDACT** |  |  |
| 12/12/07 |  |  |  |
| 12/14/07 |  |  |  |
| 12/17/07 | **REDACT** |  |  |
| 12/18/07 | Review Latzman response, t/c w/ D. Joffe, emails to Joffe, MSK | 1.00 200.00/hr | 200.00 |
| 12/19/07 | Review draft memo of law, email to Joffe, t/c w/ M. Gorman, North Fork Bank | 1.70 200.00/hr | 340.00 |

Martin S. Kenney                                              Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/20/07 | Reviw emails, email to MSK, D Joffe, review Rakoff orders, transcript, review memo of law | 1.27 200.00/hr | 254.00 |
| 12/21/07 |  |  |  |

**REDACT**

| 12/10/07 | Subway round trip |  | 4.00 |

**REDACT**

Law Office of Joseph H. Lilly, III
60 East 42nd Street
Suite 1338
New York NY 10165


Invoice submitted to:
Martin S. Kenney
Third Floor, Flemming House
P.O. Box 4740
Road Town, Tortola  BVI



In Reference To:Legal services in connection with Kenney
                v. Kenney Becker LLP & Becker


        Professional services

|          |                                                                              | Hrs/Rate            | Amount |
|----------|------------------------------------------------------------------------------|---------------------|--------|
| 1/2/08   | T/c w/ Joffe, prepare for hearing                                             | 0.18<br>200.00/hr   | 36.00  |
| 1/3/08   | Prepare for, attend hearing w/ Judge Rakoff re: Sanctions motions, email to MSK & DW | 3.37<br>200.00/hr   | 674.00 |
| 1/4/08   |                                                                              |                     |        |
| 1/9/08   |                                                                              |                     |        |
| 1/10/08  |                                                                              |                     |        |
| 1/11/08  |                                                                              |                     |        |
| 1/14/08  |                                                                              |                     |        |

**REDACT**

Martin S. Kenney                                      Page    2

|  | Hrs/Rate | Amount |
|---|---|---|

1/15/08

                              **REDACT**

1/16/08

1/17/08

1/21/08

1/23/08

                              **REDACT**

1/24/08

1/25/08


                              **REDACT**

1/30/08




1/3/08  Subway round trip                                4.00

06 Civ. 2975 (JSR)         **06**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNEY, BECKER LLP and
EUGENE S. BECKER

                                        Plaintiff,

                        -against-

MARTIN S. KENNEY,

                                        Defendant.

## DECLARATION OF DIMITRY JOFFE

Defendant

March 13, 2008

                                        Dimitry Joffe