UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

KENNEY, BECKER LLP and
EUGENE S. BECKER,

                        Plaintiffs,                        Docket 06 Cv 2975 (JSR)

      -against-

MARTIN S. KENNEY,

                        Defendant.

------------------------------------------------------------------x

## OBJECTIONS TO CALCULATION

Plaintiffs object to the calculation of the amount of attorneys fees and costs submitted by defendant pursuant to the Memorandum Order dated March 6, 2008 and entered March 10, 2008 (the "Order"), for the following reasons[1].

1. The Order awards defendant the amount of attorneys fees "expended" (Order, page 1) and "incurred" (Order, page 7) on the motion. Defendant's calculation fails to show an actual expenditure by defendant, and fails to include a retainer agreement to show the obligation incurred by defendant to counsel.

---

[1] The Court has granted plaintiffs leave to file a motion for reconsideration pursuant to Local Rule 6.3. Plaintiffs' moving papers are due March 24. 2008. Defendant's opposition is due March 31, 2008, and plaintiffs' reply April 7, 2008. On the motion plaintiffs will argue, *inter alia,* that plaintiffs' action were not motivated by bad faith or improper purpose, that the "mistaken" subpoena returnable at the International Centre for Dispute Resolution sought evidence for presentation at the arbitration hearing commencing on the return date of the subpoena, that Hearing Order #1 was modified by Hearing Order #2, that the arbitrator had made no ruling concerning nonparty discovery, that plaintiffs took steps to avoid undue burden under Rule 45 by withdrawing the subpoena after it was mooted with the suspension of the arbitration hearing. Plaintiffs respectfully request that consideration of an award of fees and costs be held in abeyance pending determination of the motion for reconsideration.

1

2. Defendant has been represented throughout this and related litigation by Joseph Lilly, Esq., who remains attorney of record for defendant. The calculation submitted includes invoices from Mr. Lilly to defendant billing at the rate of $200.00 per hour. The calculation seeks attorneys' fees for Mr. Joffe of $600.00 an hour. There is no showing whatsoever concerning the necessity of bringing in outside counsel on this motion.

3. Defendant has not made a showing before this Court about (i) the reasons for purportedly seeking to charge plaintiffs with the costs of two counsel (Mr. Joffe and Mr. Lilly); (ii) what complexity existed in this motion that required a counsel who apparently charges at $600 per hour, and not the counsel, Mr. Lilly, at $200 per hour who had the institutional knowledge, has represented Defendant in all other proceedings herein and asserted an understanding [believed by plaintiffs to be incorrect] of the problems concerning the subpoena that is the subject of the Order of March 6, 2008; (iii) the professional experience, skill and other requisite matters that would begin to justify more than $55,000 of fees and costs for what defendant proclaimed, very early on, was a clear and illegal subpoena, returnable at an arbitration hearing, subject to the command of the arbitrator, a hearing that was suspended by agreement of the parties five days before defendant contacted the Court, and was withdrawn seven days before filing of the motion.

4. A fee application must be properly supported with sufficient information to inform the court's analysis as to both the reasonableness of the hours expended and a reasonable hourly rate to be applied. The inquiry contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. A fee applicant has the burden of showing satisfactory evidence that the requested hourly rates are the prevailing market

rates. <u>Farbotko v. Clinton County of New York</u>, 433 F.3d 204, 209 (2d Cir. 2005), and that the volume of hours was reasonable.

5. The calculation fails to present any basis from which the reasonableness of the hours and a reasonable rate to calculate the attorney's fees can be determined. There is no information whatsoever concerning the experience, background, expertise, and professional standing of Mr. Joffe. There is no information whatsoever concerning Mr. Joffe's usual billing rates. There is no information whatsoever from which the prevailing market rate can be determined for an attorney of Mr. Joffe's unknown experience and qualifications. Under these circumstances the court may deny fees for Mr. Joffe. See, <u>Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.,Inc.</u>, 2008 WL 552860, at 4 (EDNY, 2008, Sifton, J).

6. The calculation presents time records that are deficient and cannot be used to determine the reasonableness of the hours allegedly expended.

7. In numerous instances multiple tasks are commingled during large blocks of time. The records are not specific as to each service provided and the time spent. The time entry for November 26, 2007 indicates three separate types of services provided: meeting with client, review background documents, research arbitration subpoena. A total of 5.2 hours is set forth for the services without specifying the time for each. Likewise on November 27, 2007, separate services are lumped together with a total of 7.2 hours alleged to have been expended. On November 27 it states three separate services provided: meeting with client, research and drafting. Likewise on November 29, 2007, services are commingled, and again on December 17 and December 18, 2007. The commingling of activities impedes the court's efforts to evaluate the reasonableness of any of the listed activities. <u>Soler v. G&U Inc.</u>, 801 F.Supp 1056, 1061

(SDNY, 1992). The reasonableness of the time expended cannot be determined from these block entries; therefore the total entries should be disallowed.

8. Joseph Lilly's request for fees should likewise be disallowed. No information is provided about his qualifications and experience. Lilly's time sheets commingle his purported services. The entries for November 26, November 27, November 28, November 29, December 1, December 3, December 6, December 7, December 10, December 18, December 19, December 20, 2007 and January 3, 2008, combines multiple services.

9. The hours allegedly expended are unreasonable and excessive given the nature of the application presented. All of this time, drafting and non-drafting, was apparently expended on a straightforward "wrongful" subpoena motion that Mr. Lilly had clearly recognized as such as early as the first and second days of the arbitration hearing. Lilly himself advised "the four reasons" for the "illegal[ity]" of the subpoena (exhibit M to Lilly Declaration on motion for sanctions). According to Mr. Lilly, "it was outside the jurisdiction of this arbitration. It was third-party discovery; that's not proper under the FAA. It was not in accordance with the Federal Rules of Civil Procedure. And probably other issues as well." Given the comments that Mr. Lilly made at the arbitration hearing where he said with confidence what he believed the subpoena's problem to be, forty hours of research and drafting, that occurred mostly after his statements, do not ring true or reasonable.

10. Apart from four blanket items (to wit, "meeting with client", "review background documents", "research" and "drafting motion papers") there are no relevant particulars concerning what Mr. Joffe said was done in 31.6 hours of time before the teleconference with Court on December 3, 2007. (Joffe entries for November 26, 27, 28, 29, 30). Apparently having worked on this motion for thirty one (31) hours of time as of the time of the conference with this

court, Mr. Joffe then apparently spent another 8.90 hours *to finalize* the motion. (Joffe entries December 5, 6, 8, and 9) Altogether, Defendant Kenney represents that this motion took forty and one-half (40.5) hours to complete. In addition, although Mr. Joffe said that he had reviewed "background documents", Mr. Lilly had what must have been a large involvement in the drafting of motion per his entries for December 1, 3, 6, 8 and 10. This further should raise doubt about the propriety of Mr. Joffe's involvement. Mr. Lilly had the institutional knowledge. Plaintiffs should, respectfully, not have to bear Mr. Joffe's costs principally relating to his developing a legal understanding of the position well known to Mr. Lilly. Joffe's professed time expended suggests that he did not have the requisite skill in this area of practice to justify so many hours at such a high rate. The foregoing recitation of time *excludes* the time of the associate (of whom we know nothing, and whose time should be disallowed) and other Joffe and non-Joffe non-drafting time. All of this time, drafting and non-drafting, was apparently expended on a straightforward "wrongful" subpoena motion that Mr. Lilly had clearly recognized as such as early as the first and second days of the arbitration hearing.

11. The request for legal research costs of $9,418.88 should be disallowed in its entirety. On their face, the charges are excessive. No itemization is presented of the research allegedly performed. No documents are submitted to evidence the charges. The entries on the purported invoice submitted shows dates of November 30, December 1, December 31, and January 1. None of the alleged legal services consisting of research were performed on any of these dates.

12. On their face the charges are excessive. Counsel for plaintiffs maintains a subscription with Westlaw, which includes access to Federal statutes and cases from the district courts sitting in New York State, the Second Circuit and the United States Supreme Court. The monthly charge, including tax is $321.65. Plaintiff Becker subscribes to Lexis/Nexis at a base

monthly of charge of $249.00 per month for unlimited access to and research concerning New York State and federal law, within the state of New York. Charges that are extra to the base monthly of $249.00 are federal law searches outside of the district in New York and other non-New York research at state or federal level. It is incredulous to believe that a practitioner that purports to charge $600 per hour does not have an efficient proprietary, automated or electronic research subscription.

      13. The calculation submitted by defendant is without proper basis, excessive, and unreasonable. The request for attorneys' fees and costs should be disallowed.

Dated: New York, NY  
       March 20, 2008

_____  
STEPHEN LATZMAN (SL 6462)  
Attorney for Plaintiffs  
276 Fifth Avenue, Suite 306  
New York, New York 10001  
(212) 532-2268

## CERTIFICATE OF MAILING

State of New York  )
                   )ss.:
County of New York)

Stephen Latzman, an attorney, certifies following:

On March 20, 2008, I caused to be served the within Objections to Calculation, by overnight courier, by depositing same in a prepaid properly addressed wrapper in an official depository under the exclusive care and control of the Federal Express Corporation within the state of New York upon the following:

Joseph Lilly, Esq.,
60 East 42nd Street, Suite 1338
New York, NY 10165

Dimitry Joffe, Esq,
Kasowitz, Benson, Torres and Friedman
1633 Broadway
New York, NY 10019

Dated:  March 20, 2008

*[signature]*

Stephen Latzman, Esq. (SL 6462)
Attorney for Plaintiff
276 Fifth Avenue, Suite 306
New York, New York 10001
(212) 532-3368