UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...................................................................X
KENNEY, BECKER LLP and                  :
EUGENE S. BECKER,                       :
                                        :
                    Plaintiffs,         :
                                        :
         v.                             :   06 Civ. 2975 (JSR)
                                        :
MARTIN S. KENNEY,                       :
                                        :
                    Defendant           :
...................................................................X


# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFFS' MOTION FOR RECONSIDERATION


                                    Dimitry Joffe (DJ-6498)
                                    KASOWITZ, BENSON, TORRES
                                      & FRIEDMAN LLP
                                    1633 Broadway
                                    New York, New York 10019
                                    (212) 506-1700

Dated:  New York, New York          *Attorneys for Martin S. Kenney, Gymway*
        March 31, 2008              *Limited and Gymway Holdings Limited*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

    I.  Applicable Standards ..................................................................................................2

    II.  Plaintiffs' Motion Does Not Comply With The Applicable Standards.........................3

        1.  No Overlooked Controlling Authorities .................................................................3

        2.  No Overlooked Factual Matters...............................................................................4

            a.  Arbitrator's Discovery Ruling ...........................................................................4

            b.  Unauthorized Subpoena.......................................................................................6

            c.  Improper Purpose Of The Subpoena .................................................................7

            d.  The Absence Of Notice Of The Subpoena .........................................................8

            e.  Plaintiffs' History Of Vexatious Conduct .........................................................9

    III.  Sanctions Are Warranted. ..........................................................................................10

CONCLUSION .............................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page**

Associated Press v. U.S. Dep't of Defense, 395 F. Supp. 2d 17 (S.D.N.Y. 2005)......................2, 4

Murphy v. Board of Educ., 196 F.R.D. 220 (W.D.N.Y. 2000) ........................................................7

Nakano v. Jamie Sadock, Inc., 2000 U.S. Dist. LEXIS 10158 (S.D.N.Y. July 20, 2000). .......2, 10

Oliveri v. Thomson, 803 F.2d 1265 (2d Cir. 1986)..................................................................3, 11

Pannonia Farms Inc. v. USA Cable, 2004 U.S. Dist. Lexis 23015 (S.D.N.Y. 2004)....................12

Range Road Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390 (S.D.N.Y. 2000). ...................2

Security Ins. Co. v. TIG Ins. Co., 360 F.3d 322 (2d Cir. 2004) ......................................................3

Taggart v. Moody's Investors Serv., 2007 U.S. Dist. LEXIS 71254 (S.D.N.Y. Sept. 26, 2007)....2

This memorandum of law is respectfully submitted on behalf of Martin S. Kenney, Gymway Limited and Gymway Holdings Limited in opposition to plaintiffs' motion for reconsideration of the Court's Order dated March 6, 2008 (the "March 6 Order").

## PRELIMINARY STATEMENT

In its March 6 Order granting defendant's motion for sanctions for plaintiffs' wrongful issuance of a third-party subpoena, the Court found that plaintiffs' subpoena was "blatantly improper for numerous reasons," and that plaintiffs "were acting in bad faith" and had a particular history of "vexatious conduct" and "doubtful litigation tactics." Order at 2, 5-7. Unhappy with the Court's decision, plaintiffs brought this motion for reconsideration, contending that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." Pl. Br. at 1. Plaintiffs' contention is completely baseless and their motion is frivolous.

Plaintiffs do not identify a single "controlling decision" or "factual matter" that the Court purportedly overlooked in deciding the underlying motion. Instead, plaintiffs simply repeat the exact same arguments that the Court had expressly found to be "completely meritless" and "border[ing] on frivolous," contend that the Court "incorrectly characterized its [own] Order" in finding that plaintiffs had a "particular history of vexatious conduct," and proffer the same invalid excuses for their misconduct that the Court had already rejected. Far from providing any basis for reconsidering the March 6 Order, plaintiffs' current motion is just another instance of their "doubtful litigation tactics," making the sanctions awarded by the Order all the more appropriate.

# ARGUMENT

## I. Applicable Standards

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Taggart v. Moody's Investors Serv., 2007 U.S. Dist. LEXIS 71254, *1 (S.D.N.Y. Sept. 26, 2007). Accordingly, motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-2 (S.D.N.Y. 2000).

The motion is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." Nakano v. Jamie Sadock, Inc., 2000 U.S. Dist. LEXIS 10158, *4 (S.D.N.Y. July 20, 2000). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (Rakoff, J.). Likewise, Local Rule 6.1 requires that a motion for reconsideration be accompanied by a memorandum of law "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

As demonstrated below, plaintiffs' motion has utterly failed to comply with these requirements and can only be described as frivolous.

## II. Plaintiffs' Motion Does Not Comply With The Applicable Standards.

### 1. No Overlooked Controlling Authorities

Plaintiffs do not and cannot cite any controlling authority purportedly overlooked by the Court. In fact, plaintiffs cite only two Second Circuit decisions in the argument section of their brief, neither of which they even claim to be a controlling authority overlooked by the Court. The first such decision is <u>Security Ins. Co. v. TIG Ins. Co.</u>, 360 F.3d 322 (2d Cir. 2004), which plaintiffs previously cited in support of their absurd argument that the subpoena issued under the purported authority of this Court pursuant to Rule 45 was somehow authorized by New York CPLR. On this issue, the Court's Order states that "plaintiffs' argument borders on frivolous." March 6 Order at 5 n.2. Nothing in <u>Security Ins.</u> 360 F.3d 322 -- which only holds that where, unlike here, the parties agree that their dispute should be governed solely by state law, the FAA does not preempt the parties' choice -- changes that finding.

The only other Second Circuit authority that plaintiffs cite is even less relevant. Plaintiffs do not even pretend that <u>Oliveri v. Thomson</u>, 803 F.2d 1265 (2d Cir. 1986), has anything to do with the present dispute, let alone constitutes a controlling authority overlooked by the Court. Indeed, they readily admit that the case was decided "in a different context," and cite it only for the "general principle [that] it would be inequitable to permit a defendant to increase the amount of attorneys' fees recoverable as a sanction by unnecessarily defending against frivolous claims which could have been dismissed on motion without incurring the additional expense." Pl. Br. at 12. Other than plaintiffs' implied admission that their claims were frivolous, nothing in that proposition applies here.

3

## 2. No Overlooked Factual Matters

Nor do plaintiffs cite a single fact that the Court purportedly overlooked in rendering its decision. Indeed, their motion does nothing more than repeats their old arguments previously rejected by the Court, which is impermissible on a motion for reconsideration. Associated Press, 395 F. Supp. 2d at 19. In any event, as shown below, the Court's findings stated in its March 6 Order are amply and clearly supported by the record.

### a. Arbitrator's Discovery Ruling

Plaintiffs first take issue with the Court's finding that "the subpoena sought at least some of the documents that the arbitrator had already ruled were not discoverable." P. Br. at 3. That finding is squarely supported by the record presented to the Court on the underlying motion.

Thus, as that record clearly demonstrates, the arbitrator allowed plaintiffs to submit, on or before November 8, 2007, a limited supplemental "demand for specific information regarding certain entities allegedly affiliated with Claimant." Declaration of Joseph H. Lilly, III, dated December 10, 2007, submitted in support of defendant's motion for sanctions (the "Lilly Decl.") ¶ 16. On November 8, 2007, plaintiffs submitted their supplemental discovery demand, which included 14 requests for documents related to Gymway Limited and Gymway Holdings Limited. Lilly Decl. ¶ 17. (Unbeknownst to defendant and the arbitrator, on the very same day plaintiffs also issued their ex parte subpoena seeking those Companies' documents from North Fork Bank. Id. ¶ 25.) On November 9, 2007, defendant submitted his objections to plaintiffs' supplemental discovery requests based on the grounds of relevancy. Id. ¶ 21 & Ex. K. In his objection, defendant argued that plaintiffs are not entitled "to all documents relating to the formation, business and termination of such entities" because "[n]one of the supplemental documents demanded by [plaintiffs] are related to any of the controversies and claims" in the arbitration. Id.

4

On November 13, 2007, the arbitrator held a hearing to address defendant's objections and, as a result, "[t]he scope of Claimant's response [to the supplemental discovery requests] was limited." Lilly Decl. ¶ 16 (emphasis added). The arbitrator allowed discovery of the Companies' formation documents and invoices to the extent such documents and invoices were in defendant's possession, but denied plaintiffs' remaining requests -- including those for the Companies' "corporate resolutions," "internal organizational documents," and other corporate documents. Id. ¶¶ 19, 22. Critically, at no time during the November 13 hearing did plaintiffs disclose that their outstanding secret subpoena issued five days earlier and directing North Fork Bank to produce "[a]ll documents" related to the Companies sought the very same "corporate resolutions [and] corporate documents."

This uncontroverted record fully supports the Court's finding. Plaintiffs' argument that it is not so because the arbitrator's November 13 ruling "did not deal with non-party discovery or non-party subpoenas and was five days after the issuance of the November 8, 2007 subpoena" is completely meritless. The arbitrator's ruling dealt with plaintiffs' request for the very same documents sought by the subpoena and defendants' objection to the relevancy of those documents, and the arbitrator limited plaintiffs' request in response to that objection. Neither the arbitrator nor the defendant were aware at that time that plaintiffs' ex parte subpoena sought the very same documents from North Fork Bank because plaintiffs improperly failed to give prior notice of the subpoena or even to advise the arbitrator of the subpoena's requests during the November 13 hearing. And even after that hearing, when the arbitrator ruled that some of the requested documents should not be produced, plaintiffs did not advise the arbitrator of the subpoena's request, did not seek to withdraw or modify the subpoena in light of the arbitrator's

5

ruling, but fully expected that the subpoenaed documents would be produced on the subpoena's return date of November 26, 2007.

### b. Unauthorized Subpoena

Next, plaintiffs argue that their subpoena "was at least colorably authorized by the International Rules of the ICDR" that purportedly "bring[] into play state law." This is exactly the same argument -- that their subpoena was authorized by New York procedural rules -- that the Court has found to be "border[ing] on frivolous." March 6 Order at 5 n.2. The Court rejected the argument as "flawed for at least two reasons: first, the subpoena purported to be issued from a federal court under Federal Rule of Civil Procedure 45, not a state court; second, the parties had previously agreed that federal arbitral law -- not New York procedural law -- applied to the arbitration." The Court also admonished plaintiffs that "it was inappropriate for plaintiffs to take any action under the purported authority of this Court in this case" because "the Court had fully stayed this action pending arbitration and placed it on the suspense calendar." March 6 Order at 5 (emphasis original).

Undeterred by the Court's admonitions, plaintiffs repeat the same argument on their current motion. Tellingly, they do not -- because they cannot -- address the Court's threshold findings that their subpoena was not issued from a state court but from a federal court pursuant to federal rules of procedure, and that any action taken under the purported authority of this Court while the action was on the suspense calendar was inappropriate. Plaintiffs only repeat their argument that the parties' agreement to apply FAA as the arbitral law governing their arbitration was somehow modified by a subsequent arbitration order that incorporated the International Arbitration Rules.

6

Plaintiffs argument rests on a deliberate misrepresentation of the record. The Hearing Order No. 1 clearly states that: "(a) The Parties stipulate that the substantive law of New York shall apply; (b) The Parties stipulate that the Arbitral Law shall be the Federal Arbitration Act; (c) Miami, Florida shall be the Seat of the Arbitration . . . and (d) Respondent filed a motion requesting that the Association's Commercial Arbitration Rules rather than its International Arbitration Rules shall apply in this Arbitration." Lilly Decl. Ex. D at 2. The Hearing Order No. 2 modified that stipulation "as follows: (a) International Rules of the ICDR shall apply; and (b) New York, NY shall be the Seat of Arbitration." Lilly Decl. Ex. E at 2. Thus, Order No. 2 only resolved the parties' dispute as to what set of arbitration rules should apply, and also changed the seat of arbitration -- but it clearly did not modify or overrule the parties' agreement that "the Arbitral Law shall be the Federal Arbitration Act." Plaintiffs' argument to the contrary, which "border[ed] on frivolous" when made the first time, has now crossed that border.

### c. Improper Purpose Of The Subpoena

Plaintiffs also repeat their arguments that the subpoena was proper because "the purpose of the subpoena was to obtain evidence to present at the arbitration hearing" and "[a]ll evidence was subject to control by the Arbitrator." Pl. Br. at 7. In its Order, the Court expressly rejected that same argument, quoting Murphy v. Board of Educ., 196 F.R.D. 220 (W.D.N.Y. 2000), for the proposition that the "subpoena-first, ask-questions-later approach is clearly contrary to Rule 45," and that an excuse like that only "demonstrates a distressingly unrepentant posture." March 6 Order at 6 n.4.

Plaintiffs' lengthy explanation why the subpoenaed documents were all relevant to the issues in arbitration (Pl. Br. at 7-8) both misses the point and is wrong. The question of the relevancy of the subpoenaed documents was never before this Court on defendant's motion, and

7

the Order specifically states that "it is not this Court's role to enforce the arbitrator's [discovery] rulings." March 6 Order at 6. Accordingly, there was nothing for the Court to "overlook" in that regard. Moreover, plaintiffs once again misstate the record. They claim that "the subpoenaed evidence related to matters then in dispute [and] defendant did not contravert this proffer." Pl. Br. at 7. The record is clear, however, that defendant objected to plaintiffs' request for the very same documents made in their supplemental discovery demand, and the arbitrator limited plaintiffs' request based on those objections. See Lilly Decl. ¶ 21 & Ex. K (objecting to plaintiffs' request for the Companies' corporate documents on the basis that plaintiffs are not entitled "to all documents relating to the formation, business and termination of such entities" because "[n]one of the supplemental documents demanded by [plaintiffs] are related to any of the controversies and claims" in the arbitration).

Furthermore, plaintiffs themselves conceded that "the North Fork Bank documents will be unnecessary in light of defendant's recent admission on [defendants'] sole beneficial interest in Gymway." Plaintiff's Memorandum of Law in Opposition to Motion For Sanctions and Injunctive Relief, at 12; Pl. Br. at 11. Secretly subpoenaing "[a]ll documents relating to [corporate bank accounts,] account opening documents, corporate resolutions, corporate documents and correspondence" simply to establish defendant's beneficial interest in those corporations hardly proves the propriety of plaintiffs' subpoena -- if anything, it further demonstrates plaintiffs' failure to "take reasonable steps to avoid imposing undue burden or expense" and their vexatious conduct warranting sanctions.

### d. The Absence Of Notice Of The Subpoena

The Court's Order states that "plaintiffs' argument that they were not required to give prior notice because the subpoena was a 'trial subpoena' is <u>completely meritless</u>. First and

foremost, an arbitral hearing simply is not a trial. Moreover, even if it were, the subpoena was far too broad to be considered a proper trial subpoena." March 6 Order at 6 n.3 (citations omitted, emphasis added). On their motion for reconsideration, plaintiffs simply repeat the same argument, without pointing out any factual matters or controlling authorities that the Court supposedly overlooked in making that determination. See Pl. Br. at 8-9.

### e. Plaintiffs' History Of Vexatious Conduct

In awarding sanctions, the Court specifically noted "these plaintiffs' particular history of vexatious conduct," citing its own Order of July 13, 2007 in this Action. In asking the Court to reconsider its decision, plaintiffs claim that the Court "incorrectly characterized its [own] Order," that the Court's "description of the claim and disposition [in this Action] is inaccurate," and that "[p]laintiffs do not have a history of vexatious conduct." Pl. Br. 9-11. The plain language of the Order of July 13, 2007, however, makes crystal clear that the Court's characterization of its own words was entirely correct:

> It is true that plaintiffs' legal theory on which they premised their complaint was deeply flawed; and it is also true that plaintiffs' "real" purpose in bringing this action, coming right on the heels of the setback in the earlier action, is highly suspect. Nevertheless the Court cannot say that plaintiff's theory was so frivolous as not to be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). Further, the number of plaintiffs' lawsuits -- two -- is not so vexatious as to rise to the levels previously found by this Circuit to justify injunctive relief in such circumstances.

Clearly, the Court in its July 13 Order recognized that plaintiffs' conduct was vexatious albeit not yet to the degree justifying injunctive relief requested there. Accordingly, at that time the Court declined defendant's request for an injunction "in the belief that plaintiffs' resort to doubtful litigation tactics would not continue." And when "the Court's confidence in plaintiffs'

9

good faith was shaken," the Court awarded sanctions citing "these plaintiffs' particular history of vexatious conduct." March 6 Order at 7.

### III.  Sanctions Are Warranted.

The Court awarded sanctions "in light of the obvious impropriety of the subpoena, the unwarranted burden it imposed on a third party, and these plaintiffs' particular history of vexatious conduct." March 6 Order at 7. As shown above, plaintiffs' motion for reconsideration has utterly failed to demonstrate that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." Nakano, 2000 U.S. Dist. LEXIS 10158, *4. Accordingly, their motion is without proper basis and should be denied.

Plaintiffs' remaining arguments -- that imposition of sanctions is improper "inasmuch as the subpoena was not complied with, the arbitration hearing suspended by agreement of the parties, and the subpoena was formally withdrawn" (Pl. Br. at 11) -- simply repeat the excuses that they had already proffered, and the Court rejected, on the underlying motion.

Thus, in response to plaintiffs' argument that the subpoena was dishonored because the non-party witness did not appear on November 26, 2007 in response to the subpoena, the Court observed that (a) "North Fork did take steps to assemble responsive documents"; (b) "when a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1)"; and (c) "Rule 45 permits sanctions when a party has failed to uphold its 'duty' to 'take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena,' Fed. R. Civ. P. 45(c)(1); plaintiffs clearly did not take any such steps." March 6 Order at 7 n.5 (citation omitted, emphasis original). Plaintiffs' current motion does nothing to refute these findings.

10

Nor did the November 29, 2007, adjournment of the hearing render the subpoena moot. The parties agreed to the adjournment to give the arbitrator the opportunity to resolve the issues based on motions to be filed by the parties and the record to date and the stipulated evidence. But the parties also understood and agreed that in the event that the arbitrator was unable to resolve the parties' disputes based on the filed documents and the stipulated evidence, the arbitration hearing would re-commence on a subsequent date to be agreed upon. Lilly Decl. ¶ 37. At the time of the adjournment, plaintiffs' subpoena to North Fork remained outstanding.

Finally, plaintiffs' belated withdrawal of the subpoena does not excuse plaintiffs' vexatious conduct in issuing it. Plaintiffs only withdrew the subpoena when faced with a motion to quash and for sanctions; up until that point, they persisted in their claim that the subpoena was perfectly proper.

Plaintiffs' citation to Rule 11 "safe harbor" provision in this regard is inapposite. First, plaintiffs themselves concede that Rule 11 is "not applicable here." Pl. Br. at 12. As the Second Circuit discussed in Oliveri v. Thomson, 803 F.2d 1265 (2d Cir. 1986), cited by defendants, "the sources of judge's sanctioning power are diverse." Here, defendant sought sanctions pursuant to Rule 45 and the inherent power of the Court to sanction vexatious conduct, not under Rule 11. Sanctions under Rule 45 are awarded for failure to "take reasonable steps to avoid imposing undue burden or expense." Plaintiffs' failure to "take any such steps," "the unwarranted burden it imposed on a third party," and "plaintiffs' particular history of vexatious conduct" (March 6 Order at 7) cannot be cured by their belated withdrawal of the subpoena.[1]

---

[1] In any event, plaintiffs should not be heard to complain that they had no opportunity to "take reasonable steps to avoid imposing undue burden and expense" in connection with their subpoena. First, they made a conscious decision (which they defend to this day) not to give notice of their subpoena until its return date, so as not to give defendant an opportunity to object to its issuance. Second, once the arbitrator denied plaintiffs' supplemental discovery request for

11

## **CONCLUSION**

For reasons stated above, the Court should deny plaintiffs' frivolous motion for reconsideration. Defendant further respectfully request that the Court include in its award the attorneys' fees and costs incurred by defendant in responding to this motion.

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: _/s/ Dimitry Joffe_
Dimitry Joffe (DJ-6498)
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Martin S. Kenney, Gymway
Limited and Gymway Holdings Limited*

March 31, 2008

---

most of the very same corporate documents sought by the subpoena, plaintiffs had another opportunity to withdraw or modify the subpoena, which they did not do. Third, as soon as defendant learned about the subpoena, he advised the arbitrator and the plaintiff through counsel that the subpoena was improper, explained the reasons why in his view the subpoena was defective, and gave notice that defendant intents to make a motion before this Court to quash the subpoena and for sanctions. Still, plaintiffs continued to insist that their subpoena was proper. Lilly Decl. ¶¶ 32-35. It was not until the December 3, 2007 conference call with the Court initiated by defendant's special counsel in contemplation of filing the motion to quash the subpoena and for sanctions that plaintiffs' counsel advised that he was withdrawing the subpoena. Id. ¶ 36. Even in the context of Rule 11 not applicable here, courts have held that the purposes of the procedural 21-day safe harbor requirement of the Rule were served where a party was put on notice by its opponent of the deficiencies of the party's complaint but disclaimed any such deficiencies and rejected the opportunity to withdraw or correct it. See, e.g., Pannonia Farms Inc. v. USA Cable, 2004 U.S. Dist. Lexis 23015, at *34-35 (S.D.N.Y. 2004).

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...................................................................X

KENNEY, BECKER LLP and
EUGENE S. BECKER,

                           Plaintiffs,

                v.                      06 Civ. 2975 (JSR)

MARTIN S. KENNEY,

                           Defendant
...................................................................X

# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFFS' MOTION FOR RECONSIDERATION

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

ATTORNEYS FOR  Defendant